TURNER CONSTRUCTION CO. *vs.* GIUSTINO SIMONE.

FEBRUARY 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

PER CURIAM. These are appeals from decrees of the Superior Court in proceedings under the "Workmen's Compensation Act." G. L. 1923, Chap. 92.

The petition of the Turner Construction Co. asked that it be authorized to discontinue payments to the respondent as directed by the decree of the Superior Court entered on April 4, 1929. The petition was heard on oral testimony, the prayer of the petition was granted and the following decree was entered. . . . "Ordered, adjudged and decreed that the said Turner Construction Company and/or American Mutual Liability Insurance Company be and they hereby are relieved and discharged from making further payments to the said Giustino Simone under the Compensa-

tion Act of the State of Rhode Island by reason of an accident occurring on or about the 22nd day of October, A. D. 1928. Entered as the order of court this 22nd day of May, A. D. 1930." It is from this decree that the respondent has appealed.

The respondent stresses three points on his appeal: first, that it was error on the part of the trial justice to grant the prayer of the petition for discontinuance of payments; second, that the decision was not in writing and the decree entered did not contain findings of fact; third, that the appeal taken by respondent suspended the decree appealed from.

The petition presented the single issue as to the ability of the respondent to resume his former occupation.

The evidence as to the physical condition of the respondent is conflicting. There was sufficient evidence to support the decision of the trial justice and his decision will not be disturbed.

At the conclusion of the testimony the trial justice granted the prayer of the petition but filed no written opinion and the decree following the decision contains no findings of fact as required by the statute.

In *Jillson* v. *Ross*, 38 R. I. 145, we held that failure of a trial justice to make his decision in writing and file the same with the clerk is not ground for reversal unless it be shown that prejudice resulted from such failure.

It is contended that the decree is a nullity because it does not contain findings of fact, and *Dodge* v. *Barstow Stove Co.*, 40 R. I. 191, is relied upon in support of this contention. In that case the original petition for compensation was dismissed "for failure of the petitioner to comply with the requirements of law, to enable him to maintain his petition". As was pointed out by the court, there are several conditions precedent to the maintaining of such a petition which might involve consideration of several issues. It was held that the petitioner was entitled to know in what respect or on what issue he had failed to meet the requirements of law so

that if he saw fit to appeal he could present to this court the grounds upon which the action of the Superior Court was based.

In the instant case there was but a single issue before the court, namely, the recovery by the respondent from his injury. The respondent was, therefore, in no way hindered or prejudiced in presenting his appeal here by the omission from the decree of findings of fact. The disadvantage of such omission was to the complainant as it was deprived of the benefit of the provisions of Section 6, Article III, Chapter 92, General Laws, 1923, which make the findings of fact stated in the decree conclusive in the absence of fraud.

As we are of the opinion that there was sufficient evidence to support the decision without the aid of the provisions of said Section 6, we will not direct that the decree be reversed but that it be amended by adding thereto findings of fact. Such amendment shall be entered as of the date of the original decree. The record will then be complete and in conformity with the provisions of the statute.

It is important that the statutory provisions which govern proceedings under Chapter 92, General Laws, 1923, "Workmen's Compensation Act," be closely followed so that the parties may know on what grounds relief was granted or denied and also that it may appear plainly to this court, in case of an appeal, the reason for the action of the court below.

After the entry of the decree granting the prayer of the Turner Construction Co. the respondent appealed therefrom and then filed a petition asking that the weekly payments be continued during the pendency of the appeal. The prayer of the petition was granted and the Turner Construction Co. took an appeal therefrom.

Section 8 of said Article III provides that a claim of an appeal shall suspend the operation of the decree appealed from. This provision applies not only to the appeal from the decree authorizing suspension of payments but also to

the decree directing that such payments be continued pending the respondent's appeal. As we have determined that the court below was not in error in entering a decree authorizing suspension of payments, it follows that the complainant's appeal from the decree directing that payments be continued must be sustained.

The appeal of the Turner Construction Co. is sustained, the appeal of the respondent Simone is sustained as to form and the cause is remanded to the Superior Court with directions to amend the decree entered on the 22nd day of May, A. D. 1930, by adding thereto findings of fact, which amendment shall be entered as of said 22nd day of May, A. D. 1930, and to dismiss the petition of said Simone filed on the 11th day of June, A. D. 1930.

*Clason, Brereton & Kingsley, Clifford A. Kingsley, Russell H. Hawkins,* for petitioner.

*O'Shaunessy & Cannon, George F. O'Shaunessy, Peter L. Cannon,* for respondent.