STATE *vs.* FREDERICK M. HARTMAN.

JUNE 26, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.  This is a criminal complaint charging the respondent with operating an automobile on a public highway in the city of Providence "so as to endanger the life and limbs of persons, in violation of chapter 88, § 4 of the general laws of 1938 of the State of Rhode Island and all additions and amendments thereto."

The complaint was originally brought in the district court of the sixth judicial district where, after a hearing, respondent was found guilty of the offense charged.  The respondent thereupon appealed to the superior court.  While his plea of not guilty was still pending in that court and without challenging on the record in any way the validity of the complaint, respondent moved to certify to this court a question concerning the constitutionality of the statute, upon which the complaint is based.  This motion was granted, and the cause is here on such certification.

Under G. L. 1938, chap. 545, § 1, a justice of any court, before whom the "constitutionality of an act of the general assembly shall be brought in question upon the record", is required to "forthwith certify the question to the supreme court to be heard and determined."  Such a question is customarily brought on the record in a criminal case either by a formal demurrer, a plea in abatement or a motion to quash the complaint, on the ground that the statute on which it is based is repugnant to some specific provision of the constitution.

The record in the instant cause shows that the complaint has not been challenged.  No demurrer, plea or motion, directly attacking the complaint and thus bringing upon the record a constitutional question, has been filed.  The respondent's plea of not guilty does not question the validity of the statute but merely denies that he has violated it.  Such a plea is last in the order of pleading and brings the cause to an issue of fact to be tried.  The respondent's motion

to certify the constitutional question, which he raises for the first time in that motion, therefore cannot be considered as a plea in abatement or as a motion to quash, and it cannot take the place of a formal attack by demurrer on the complaint itself. It does not, therefore, bring in question upon the record of this cause the constitutionality of § 4, chap. 88, G. L. 1938, in accordance with § 1, chap. 545, G. L. 1938, as construed by the decisions of this court.

Only once, as far as we have been able to find, has a constitutional question, presented by an independent motion in this informal manner, been heard and decided here. In that instance, the question of the propriety of such procedure was neither raised nor decided. *State Airport Comm.* v. *May,* 51 R. I. 110. However, in a later case, this court said: "Constitutional questions are of great importance and cannot be raised or presented in this court in such an informal manner." *Carroll* v. *Chrupcala,* 53 R. I. 11. We are of the opinion that we should adhere to the rule there laid down and, accordingly, we disapprove the informal method by which the respondent in the instant cause has sought to raise the constitutional question set out in his motion, even though such motion is not as informal as the one disapproved of in the *Carroll* case, *supra.* Before respondent may move to have such question certified, he must first bring the question upon the record by some formal pleading attacking the validity of the complaint itself on the ground of the unconstitutionality of the statute upon which the offense charged in the complaint is based.

For the above reasons, we decline to answer the question certified.

The papers in the cause, with our decision certified thereon, are sent back to the superior court for further proceedings.

*Louis V. Jackvony,* Attorney General, *Fred A. Otis* and *James O. Watts, Assistant Attorneys General,* for State.

*Edward M. Sullivan, John J. Sullivan,* for defendant.