JAMES H. DUNN *vs.* MAX BROOMFIELD *et al. d.b.a.* JACOB BROOMFIELD & SON *et al.*

APRIL 2, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This cause is before us on the appeal of the employers and their insurance carrier from a decree of the superior court entered on August 29, 1947, which held them to be in contempt of the preliminary agreement made between the parties and approved by the director of labor.

The pertinent facts are as follows.   On April 5, 1946 the petitioner sustained an injury arising out of and in the course of his employment with the respondents.   On April 19, 1946 a preliminary agreement was entered into between the parties providing for payment of compensation at the rate of $20 per week during the period of the employee's total incapacity, which agreement was thereafter approved by the director of labor.   After payments had continued for some time, the respondents filed in the office of the director of labor a petition to review the preliminary agreement.   The petition was denied on October 8, 1946 and from this decision the respondents duly appealed to the superior court, but continued to pay compensation as provided in the preliminary agreement.   The superior court, after a hearing, rendered a decision finding that the employee's disability "has been completely removed" and by decree, entered on July 1, 1947, sustained the respondents' appeal and ordered that compensation payments be discontinued forthwith.   From this decree the employee appealed and that appeal is now pending in this court.

The petitioner in the instant case claimed that the respondents failed, after July 5, 1947, to make the payments called for in the preliminary agreement, and on July 31, 1947 filed a petition in the superior court to adjudge the respondents in contempt for failure to continue the payments provided for in such agreement.   This petition was

heard before the same trial justice who had ordered discontinuance of compensation payments on July 1, 1947. On August 29, 1947 a decree was entered granting the employee's petition to adjudge in contempt and permitting the respondents to purge themselves by complying with the terms of the preliminary agreement. From this decree the respondents duly appealed and this appeal is now before us for consideration.

The reasons of appeal are in substance as follows: (1) That the decree of the superior court entered on August 29, 1947 adjudging the respondents in contempt is contrary to law because the statute does not provide for the suspension of the operation of a decree of the superior court authorizing suspension of compensation payments; (2) that the court erroneously ignored the fact that the agreement entered into by the respective parties was lawfully and legally terminated by a decree of the superior court entered on July 1, 1947 after a full and extended hearing; and (3) that the petitioner should not have been granted relief through contempt proceedings against the respondents because the preliminary agreement of which the respondents were adjudged in contempt had been lawfully terminated by a decree of the superior court.

We cannot agree with the respondents' contentions as stated in the above reasons of appeal, because we are of the opinion that the appeal of the petitioner suspended the operation of the decree authorizing discontinuance of compensation payments. To hold otherwise would be to ignore the plain and express language of the statute. General laws 1938, chapter 300, article III, §7, sets forth the procedure by which any person aggrieved by a final decree of the superior court *under this chapter* may appeal to the supreme court and §8 sets forth the effect of such an appeal as follows: "The claim of an appeal shall suspend the operation of the decree appealed from, but, in case of default in taking the procedure required, such suspension shall cease, and the superior court upon motion of any party

shall proceed as if no claim of appeal had been made, unless it be made to appear to the superior court that the default no longer exists."

That §8 refers to a decree based on a petition to review, as well as one based on an original petition, is clear from the language of G. L. 1938, chap. 300, art. III, §13, as amended by public laws 1941, chap. 1064, which authorizes hearings before the director of labor on petitions for review and findings or decrees based thereon. This section reads in part as follows: "The finding of the director of labor upon such review shall be served on the parties and filed in the office of the director of labor in like time and manner and *subject to like disposition* as in the case of original decrees * * *." (italics ours)

But the question here presented has already been decided in the case of *Turner Construction Co.* v. *Simone,* 51 R. I. 210. In that case the court held that sec. 8 of art. III of the workmen's compensation act, G. L. 1923, chap. 92, applied both to an appeal from a decree authorizing suspension of payments theretofore ordered to be paid and to an appeal from an order directing continuance of payments during the pendency of the original appeal. Section 8 is now §8, art. III, chap. 300, G. L. 1938, relating to appeals and governs the instant case. The language of both is identical. An examination of the *Turner Construction Co.* case will show that the suspension of payments referred to therein was actually a discontinuance of payments as authorized by the decree appealed from.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goldberg & Goldberg, George Ajootian,* for petitioner.

*Greenough, Lyman & Cross, Owen P. Reid,* for respondent.