HANNAH HAIGH *et al vs.* STATE BOARD OF HAIRDRESSING *et al.*

MAY 11, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This cause is before us on the complainants' appeal from a decree of the superior court sustaining the respondents' demurrer and denying and dismissing the amended bill of complaint. Complainants, duly licensed hairdressers and cosmeticians in the state of Rhode Island, who brought the bill for themselves and in behalf of all other persons similarly situated and interested in the subject matter of said bill, sought to restrain and enjoin the respondents, in their capacity as members of the state board of hairdressing, from setting up and putting into effect a scale of minimum prices for any services rendered in shops, places of business and establishments wherein hairdressing and cosmetic therapy were conducted and performed.

The bill alleges that this authority, subject to certain conditions precedent having been complied with, purports to be given by public laws 1942, chapter 1229, sec. 13; that by sec. 6 thereof complainants are prohibited from including in any advertisement the prices, fees or charges, rates or reduced prices for performing or rendering any operation

or service, the violation of which prohibition will subject them to the penalties provided in such statute.

The bill further alleges that on March 24, 1947, without strict compliance with certain requirements of the statute, the state board of hairdressing adopted a scale of minimum prices and entered an order that such scale of prices should be effective on and after April 1, 1947, and also gave public notice of its intention to enforce said scale of minimum prices, and to enforce against all persons not conforming thereto the penalties provided in chap. 1229. It also alleges that secs. 6 and 13 of such chapter are unconstitutional and void in that they deprive the complainants of life, liberty and property without due process of law in violation of the constitutions of the United States and of the state of Rhode Island; that they have no reasonable relation to the public health or general welfare of the citizens of the state; and that they constitute an unconstitutional attempt to regulate the complainants' lawful private business and limit the use of their private property.

The prayer of the bill requests that the question of the constitutionality of secs. 6, 12 and 13 of such chapter be certified to the supreme court for determination. The superior court did not certify the constitutional questions sought to be raised in the bill nor did it determine in the first instance the constitutionality of such sections, as it may now do. *Allen* v. *State Board of Veterinarians,* 72 R. I. 372.

In their bill the complainants have wholly failed to point out or specify which of the many clauses, sections and provisions of the federal or state constitutions they claim are violated by the passage of chap. 1229, and we shall not assume that they invoke them all, as many of them have no possible relation to the subject matter of the bill. In *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291, this court said at page 304: "Constitutional questions are of great importance and should not be presented to this court in uncertain form. It is the duty of the party raising the ques-

tion to make his objections in clear and direct language, stating separately each specific article, section and clause in the federal or state constitution that is alleged to have been violated."

We are of the opinion, therefore, that the questions of the unconstitutionality of secs. 6, 12 and 13 of chap. 1229, as relied on by complainants, have not been properly raised upon the record, and that the superior court acted correctly in refusing to certify the case to this court or to determine the constitutional questions which the complainants sought to raise.

In their brief and argument before this court the complainants relied basically upon the claim that P. L. 1942, chap. 1229, is unconstitutional and sought to have us pass on such question. Since that question was not properly pleaded and therefore was not admitted by the demurrer, the bill in that respect at least was vague and indefinite. The trial justice therefore was correct in his ruling on that ground and consequently we need not consider the other grounds of demurrer. However, since complainants have relied so strongly in their argument upon the alleged unconstitutionality of said three sections of this statute, we think they should be given an opportunity, if they desire, to file an amended bill of complaint, within such reasonable time as may be fixed by order of the superior court, whereby they may clearly and definitely raise on the record the questions of the unconstitutionality of these sections.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Israel Moses,* for complainants.

*James E. Brothers, William B. Sweeney, Raymond E. Jordan,* for respondents.