LOUIS GRADILONE *vs.* SUPERIOR COURT.

MARCH 26, 1952.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This is a petition for a writ of certiorari under general laws 1938, chapter 495, §2, to review and quash the action of a justice of the superior court for Washington county in granting a plaintiff's motion ·for judgment and issuance of execution, after a stay of forty-eight hours, against a defendant in an action of trespass and ejectment then pending in that court.

The record discloses that by agreement of counsel decision was entered in the third judicial district court for the plaintiff Louis Selvidio for possession and costs; that the defendant Louis Gradilone, who is the petitioner herein, duly filed a claim for a jury trial; and that on December 10, 1951, when the case was ready for trial in the superior court, both parties were present and represented by counsel. After the court had called for selection of a jury, counsel for the plaintiff made an oral motion for judgment and execution thereon under the provisions of public laws 1948, chap. 1986, sec. 2. That section reads as follows:

> "Whenever an action of trespass and ejectment shall be pending in the superior court, on appeal, or in the supreme court, on a bill of exceptions, the defendant or defendants in such action shall pay to the plaintiff or

plaintiffs sums of money equal to the rent for such premises, which said sums shall be paid at such times, and in such amounts as rent would be due and payable were the action of trespass and ejectment not then pending. The acceptance of such moneys shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as a tenant.

In the event that the defendant or defendants shall fail or refuse to pay all such sums promptly when due, in accordance with the provisions of the foregoing paragraph, the court in which said case is pending, shall, without any trial on the merits, *on motion* of the plaintiff or plaintiffs, and *hearing thereon,* including satisfactory proof of such non-payment, enter an order for the entry of judgment and the issuance of such execution and the prompt service thereof, and from such order there shall be no appeal." (italics ours)

Counsel for the defendant objected to the granting of the motion, asserting that chapter 1986 was unconstitutional and that in any event such motion should not be granted because it was not in writing as required by G. L. 1938, chap. 504, §3, which reads as follows:

"All motions in the supreme or superior court shall be in writing and, except ex-parte motions, shall be filed at least 60 hours, exclusive of Sundays and legal holidays, before being called for hearing; and, except in ex-parte motions, notice in writing shall be served upon the attorney or solicitor of record of the opposite side, or, if there be no such attorney or solicitor of record, upon the adverse party, at least 48 hours, exclusive of Sundays and legal holidays, before being called for hearing, unless a different time for such filing and service be fixed ex-parte by a justice of the court."

The court then permitted counsel for the plaintiff to present testimony to support his motion and he called the defendant as his witness. The latter in answer to the question "How many weeks are you in arrears?" stated: "Eight weeks, as far as I know." The defendant presented no

testimony and his counsel did not claim surprise or ask for a continuance. The court thereupon granted plaintiff's motion for judgment and execution under chapter 1986.

Upon examination of the record sought to be reviewed we are of the opinion that the constitutionality of P. L. 1948, chap. 1986, sec. 2, is not before us since it was not properly raised on the record in the superior court. We have previously held that a party attempting to raise the question of the constitutionality of a statute has the duty to make his objections *on the record* in clear and direct language, stating separately each specific article, section and clause in federal or state constitutions that is allegedly violated. *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291; *Haigh* v. *State Board of Hairdressing,* 74 R. I. 106. Since that was not done *on the record sought to be reviewed here,* we cannot now consider the question of constitutionality brought before us for the first time by the instant petition.

We are of the opinion that petitioner's contentions, that the motion for judgment and execution in the trespass and ejectment action was invalid merely because it was not in writing and that the court was in error in entertaining and acting upon such oral motion, are without merit. Chapter 1986 does not state in specific terms that a motion for entry of judgment and issuance of execution shall be made in writing. In our opinion whether such a motion should be oral or written depends upon the time and the circumstances under which it is made. If the case was not at issue a motion would have to be in writing in order to give the defendant notice and an opportunity to be heard in opposition thereto. In such case the provisions of G. L. 1938, chap. 504, §3, relative to motions in the superior court clearly would govern. But under our practice there are many motions that are not required to be in writing when the case and all the parties are before the court for trial on the merits, as in the instant case, thus serving the purpose of notice. Among these are motions for a view,

for nonsuit, for a directed verdict, to strike out a count or to strike out or limit certain evidence, and other motions of a similar character that are made in the usual course of a trial.

The payment of a sum or sums equal to the rent for the demised premises at such times and in such amounts as rent would be due and payable if the action of trespass and ejectment were not then pending is a continuing condition to the right of a defendant to a trial of his appeal in the superior court. In view of the defendant's admission in the instant case that he was in default as to such condition, we are of the opinion that his technical objection should not be allowed to prevail unless the statute relied upon admits of no other construction. In the particular circumstances as shown by the record here involved and since chapter 1986 does not specifically provide that such a motion as is under consideration must be in writing, it is our opinion that the trial justice did not err in acting upon the oral motion for judgment and execution and in deciding the same in favor of the plaintiff in the trespass and ejectment action.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers herein are ordered to be returned to the superior court for Washington county with our decision endorsed thereon.

*Thomas J. Capalbo,* for petitioner.

*Frank S. Cappuccio, Louis B. Cappuccio,* for respondent Louis Selvidio.