115 A.2d 349 (1955)
AMERICAN TEXTILE COMPANY, Inc.
v.
CATHERINE DE ANGELO.
Eq. No. 2355.
Supreme Court of Rhode Island.
June 24, 1955.
*350 Carl Testa, for petitioner employee.
Carroll & Dwyer, John G. Carroll, for respondent employer and surety.
CONDON, Justice.
This is a petition to adjudge an employer and its insurer in contempt for refusal since October 22, 1952 to pay an injured employee $28 per week for total incapacity in accordance with a preliminary agreement in a workmen's compensation case. From a decree of the superior court adjudging them in contempt they have appealed to this court.
The preliminary agreement was approved by the director of labor on November 7, 1951. In that month the employer filed in the office of the director a petition to review the agreement on the ground that the employee's incapacity had ended. That petition was heard de novo in the superior court and on July 30, 1952 a decree was entered granting the petition and suspending all further payments under the agreement. From that decree the employee appealed to this court. On November 13, 1953 we denied and dismissed the appeal, affirmed the decree, and remanded the cause to the superior court for further proceedings. American Textile Co. v. DeAngelo, 81 R.I. 163, 100 A.2d 216.
While the employee's appeal was pending in this court the employer and its insurer refused to make any more payments under the agreement after October 22, 1952. The employee did not take any steps *351 to enforce such payments until the petition for review had been finally determined adversely to her and the case had been remanded. Thereafter on December 9, 1953 she filed the instant petition. We shall hereinafter refer to her as petitioner and to the employer and its insurer as respondents.
The respondents did not deny the facts alleged in the petition but moved to dismiss it principally on the grounds that the agreement was terminated by operation of law on July 30, 1952; that no agreement was in force at the time the petition was brought; that by failing to seek relief before this court affirmed the decree of the superior court petitioner waived her right thereto; that the cause is now res judicata because of such affirmance; that the granting of such relief would work undue hardship upon respondents and would be inequitable; that petitioner has an adequate remedy at law; and that the petition is erroneous on its face in that it alleges the existence of a preliminary agreement which had been finally suspended at the time the petition was filed.
After a hearing on such motion to dismiss at which no evidence was presented but only arguments of counsel, the trial justice, without expressly denying the motion, adjudged the respondents in contempt. A decree to that effect and ordering respondents to pay petitioner $28 a week with interest for delayed payments as a condition of purging themselves of such contempt was duly entered in the superior court on April 14, 1954. Thereupon respondents filed the instant appeal.
In support of such appeal they have set forth the following reasons: That said decree is against the law and the evidence and is contrary to equity; that the trial justice decided the merits of the petition without evidence and when it was not ready for hearing on the merits; that he refused to allow respondents to answer such petition; that there was no preliminary agreement in effect upon which the decree could operate; that respondents are erroneously ordered to pay money to petitioner rather than to the state to purge themselves of contempt; and finally that G.L. 1938, chap. 300, art. III, § 8, as construed and applied here to substantiate such order, violates article I of the constitution of this state and article XIV of amendments to the constitution of the United States.
This final reason of appeal need not be considered, first, because it was not raised on the record in the superior court; and secondly, because it does not specifically identify the section or sections of article I of the state constitution, or the clause or clauses of article XIV of amendments to the United States constitution, which it is alleged said § 8 of the statute violates. Gradilone v. Superior Court, 79 R.I. 256; Haigh v. State Board of Hairdressing, 74 R.I. 106, 58 A.2d 925; State v. Hartman, 65 R.I. 174, 14 A.2d 18.
There is no merit in the reasons of appeal which are predicated on the ground that the merits of the petition were not before the trial justice for decision at the hearing on the motion to dismiss. Nor is there any merit in the cognate reason that respondents were denied the right to answer the petition. The respondents elected to file a motion to dismiss which in effect admitted the fact of noncompliance with the preliminary agreement as alleged in the petition. They argued in support of their motion that they did not pay petitioner because they were not obligated to make such payments after July 30, 1952. Although they continued making them until October 22, 1952, they made none thereafter.
In the circumstances there was no room for any evidence as to whether they had made any payments after that date. The only question before the trial justice was one of law, namely, whether, in view of the travel of the cause down to July 30, 1952, respondents were obligated to continue making payments thereafter until a final decree was entered in the superior court based on the decision of this court rendered on November 13, 1953. The respondents *352 relied on the specific grounds of their motion for a favorable answer to that question. By granting the petition the trial justice in effect denied the motion on all such grounds. In the face of respondents' admission that they had not made any payments to petitioner after October 22, 1952, and in view of their contention that they were not obligated to pay her after that date, there was no need of an answer to the petition or for a further hearing on the merits.
The principal reason in support of the appeal appears to be respondents' contention that there was no preliminary agreement in existence requiring them to make payments to petitioner. They claim that after this court affirmed the superior court's decree of July 30, 1952 there was no longer any agreement by which they were bound to make such payments and, therefore, there was no basis for adjudging them in contempt. The respondents further claim that if there is any basis therefor the decree is nevertheless erroneous in ordering them to purge themselves of contempt by paying the petitioner instead of the state.
After carefully considering those contentions we have concluded that they are without merit insofar as the period prior to the filing of our decision affirming the superior court's decree of July 30, 1952 is concerned. In accordance with G.L. 1938, chap. 300, art. III, § 8, and the decisions of this court construing such section petitioner's appeal suspended that decree and left the agreement in full force and effect. Dunn v. Broomfield, 74 R.I. 27, 58 A.2d 254; Turner Construction Co. v. Simone, 51 R.I. 210, 153 A. 364. Hence, during the pendency of her appeal from the superior court's decree petitioner was entitled to receive and respondents were obligated to pay $28 a week in accordance with such agreement. Their refusal to make payments after October 22, 1952 rendered them liable to be adjudged in contempt under G.L. 1938, chap. 300, art. III, § 1.
In the instant case petitioner's failure to avail herself of that remedy while her appeal was pending in this court did not constitute a waiver of the benefits thereof. Nor did her delay in availing herself of it after this court had affirmed the superior court's decree result in a forfeiture of such remedy. The fact that we affirmed the decree of the superior court could not wipe out respondents' obligation to pay the amount of weekly compensation which had accumulated prior to our decision. By force of the statute that amount became in effect a judgment debt which petitioner could enforce either by execution against the goods, chattels and real estate of respondents or by petition to adjudge them in contempt. Art. III, § 1.
But respondents contend that our decision affirming the decree of the superior court of July 30, 1952 had the effect of entirely terminating as of that date their obligation to make any further payments under the preliminary agreement. We cannot agree with such contention because art. III, § 8, of the statute forbids it. Under that section an appeal duly prosecuted supersedes the decree of the superior court and renders it inoperative. Had petitioner in the case at bar filed her petition to adjudge respondents in contempt prior to the filing of our decision of November 13, 1953 there could be no question of her right to prevail. Pending the appeal the preliminary agreement, which has the force and effect of a decree, is binding upon the parties thereto, so much so that an employer may not obtain the aid of the court in seeking relief if it appears that the employer has not complied with its terms. Hingeco Mfg. Co. v. Haglund, 65 R.I. 218; Carpenter v. Globe Indemnity Co., 65 R.I. 194, 14 A.2d 235, 129 A.L.R. 410.
However, we do not agree with petitioner that the preliminary agreement remains in full force and effect until a new decree in accordance with our decision is *353 duly entered in the superior court. On the contrary, since we found no occasion for directing the entry of a new decree, that decision by force of its own language affirming the decree of the superior court reinstated that decree as of the date our decision was rendered. Consequently on and after November 13, 1953 respondents' obligation to make payments under the preliminary agreement was finally suspended. For that reason the decree in the instant proceeding should be modified to provide that respondents may purge themselves of contempt by paying petitioner the amount of the weekly payments due her up to November 13, 1953 with interest.
The respondents finally contend that if such payments must be made they should be made to the state as punishment for contempt of the authority of the superior court and not to petitioner as compensation. Such contention misconceives the nature of the remedy provided in article III, § 1. That remedy is clearly for the benefit of the party in whose favor a decree has been entered. Like the alternative remedy by execution provided in the same section, its purpose is to enable such party to invoke the aid of the court to obtain what it had ordered or decreed. In other words the contempt envisioned is not criminal but civil contempt. The distinction between them was so clearly pointed out in Nelson v. Progressive Realty Corp., 81 R.I. 445, 104 A.2d 241, that it needs no further elucidation.
All of the respondents' reasons of appeal not hereinabove specifically discussed have been considered and found to be without merit. Since most if not all of such reasons are more or less included in those discussed we deem any further discussion unnecessary.
The appeal is denied and dismissed, and the cause is remanded to the superior court with direction to modify the decree in accordance with this opinion, and thereafter to transmit the cause to the workmen's compensation commission.