243 A.2d 741.
UNIROYAL, INC. *vs.* JOHN HEALEY.

JUNE 18, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is an employer's petition to review a June 30, 1964 decree of the workmen's compensation commission. That decree, as supplemented by an agreement between the parties dated November 17, 1965,[1] found the employee to be suffering from a compensable injury and awarded him

---

[1]After the case was argued, we granted the employer's motion and allowed the supplemental agreement to be made a part of the record even though it had neither been considered by the commission on the petition for review nor transmitted with the papers in the case when the appeal was docketed. See *Proulx* v. *French Worsted Co.*, 98 R. I. 114, 199 A.2d 901.

benefits for total incapacity from May 10, 1964. The petition, which was dated May 25, 1967, asked that the payment of future benefits be suspended because the employee had allegedly refused to accede to the employer's request that he submit to a medical examination.

When it appeared at the hearing before the trial commissioner that the employee had been working full time for a different employer since February 10, 1967, and earning $109 per week, the petition was amended to include as an additional ground for relief the termination or diminution of his incapacity to work; and at the same time, viz., June 29, 1967, an interlocutory decree was entered suspending the payment of all future benefits. The case then proceeded in normal course, and the hearing was concluded on July 6, 1967. Following the trial commissioner's decision, a decree was entered on July 13, 1967, authorizing the employer to "* * * suspend all payments of compensation benefits as of June 29, 1967 for the reasons; (a) that the respondent's [employee's] incapacity for work has ended, and also for the reason; (b) the respondent refused to submit to examinations on February 10, 1967 and on March 10, 1967."

On the employee's appeal, the full commission made no finding on whether or not his incapacity had terminated or diminished. It did, however, determine as a fact that he had willfully, unreasonably and illegally failed and refused to submit to a medical examination and it affirmed the order suspending benefits as of June 29, 1967. From that decree, the employee appealed to this court.

The case has both substantive and procedural aspects. The substantive question concerns the employee's failure to keep the appointments for a physical examination which the employer had arranged. In requesting the employee to attend those appointments, the employer was proceeding pursuant to G. L. 1956, §28-33-34, as amended, which re-

quires an injured worker, at reasonable times during the continuance of his disability, to submit himself at his employer's request to an examination by a physician furnished and paid for by the latter.

The employee finds justification for his failure to submit in the employer's refusal to reimburse him in advance for the expense he would have incurred in traveling between his residence in Woonsocket and the examining physician's office in Providence. Whether he was entitled to be reimbursed, either in advance or otherwise, for such expenses, although an open question when the case was argued, has since been resolved in *Ruggieri* v. *Pearson Corp.*, 104 R. I. 93, 242 A.2d 304. There we held that an employer is under no such obligation and that an employee has no such entitlement. In light of that decision, the employee's refusal was not legally excusable and, in those circumstances, §28-33-38[2] provides that an employee's rights to compensation shall be suspended. Substantively, then, the commission did not err when it ordered that the payment of benefits be suspended.

Apart from the substantive question, however, the case presents procedural difficulties. They start with the June 29, 1967 interlocutory decree wherein the trial commissioner, upon learning that the employee had failed to advise his employer of his return to work, and without waiting for the case to conclude, ordered all future benefits to be suspended forthwith.

The trial commissioner's decree determining the merits of the petition for review as well as the decree of the full commission each suspended the payment of benefits as of June

---

[2]"If any employee refuses to submit himself for any examination provided for in chapters 29 to 38, inclusive, of this title, or in any way obstructs any such examination, *his rights to compensation shall be suspended* and his compensation during such period of suspension may be forfeited." (italics ours)

29, 1967. Each is therefore open to the suggestion that it was intended as an affirmation of the interlocutory order. The employer argues, however, and we are inclined to agree, that those decrees, rather than incorporating the provisions of that interlocutory order, were instead independent determinations that benefits should be suspended retroactively. The question for us, then, is not whether the commission exceeded its power when it suspended payments pendente lite — a procedure of doubtful validity — but whether it could give its decree a retroactive effect.

In *Anaconda Wire & Cable Co.* v. *Silke,* 74 R. I. 15, 58 A.2d 395, this court considered that question. There, following the execution of a preliminary agreement, the injured employee returned to work for another employer without informing his former employer who continued, through its insurer, to pay him compensation benefits. Contemporaneously with the filing of its petition for review, the employer on its own and without court approval terminated payment of compensation. The superior court, which then exercised jurisdiction in compensation matters, suspended payments retroactively to the date of the filing of the petition thereby, in substance, affirming the employer's voluntary action. This court approved saying at 19, 58 A.2d at 397:

> "In the special and peculiar circumstances of this case wherein the petitioner had actually paid more than the respondent was fairly entitled to, we are of the opinion that the trial justice did not err in suspending payments of compensation under the preliminary agreement from the filing of the instant petition for review on June 13, 1945."

The circumstances of this case are, of course, somewhat different. Here at the full commission level, the reason for suspending was the employee's refusal to submit to a physical examination, whereas in *Anaconda* the ground for suspension was that the benefits were being paid even

though the employee's incapacity had terminated. That difference is without significance on the retroactivity question. If it was proper in *Anaconda* to order a suspension retroactively, then such an order in this case, at least insofar as its effect was limited to payments that had not yet been made, was not improper.

In the usual case an employer could accept a decree relieving it of the responsibility of carrying out obligations directed by an earlier decree at face value and, relying on its provisions, discontinue payments even in the face of an appeal. Not so, however, in compensation cases because §28-35-33[3] provides otherwise. It specifically stays the effect of a trial commissioner's order or decree suspending benefits pending an appeal to the full commission. It gives the appeal a superseding effect, and merely to claim it will render the decree or order appealed from inoperative. In this case, the employee's appeal from the July 13, 1967 suspension order stayed its effect and thereby continued in full force and effect the original decree of June 30, 1964. He was entitled, therefore, to receive the weekly benefits provided therein pending the disposition of his appeal to the full commission. *American Textile Co.* v. *DeAngelo*, 83 R. I. 234, 115 A.2d 349; *Dunn* v. *Broomfield*, 74 R. I. 27, 58 A.2d 254. The *American Textile Co.* case says, moreover, that these benefits as they accrued became in effect judgments. If that be so, they are not wiped out even though we now find, as a question of substantive law, that

---

[3]In pertinent portion, it reads as follows: "The decree entered by the workmen's compensation commission acting within its powers shall in the absence of fraud be final, and any appeal shall not stay the effect of said decree, and if benefits have been ordered to be paid, reduced, discontinued or suspended, the terms of the decree shall be followed until reversed by the supreme court, *except that the effect of a decree of a single commissioner from which an appeal is taken to the full commission shall be stayed pending such appeal.*" (italics ours)

his benefits were properly suspended because of his refusal to submit to a physical examination.

We have, then, the anomalous situation of where we say on the one hand that the employee's right to compensation benefits was properly suspended because of his refusal to submit to a physical examination, and, on the other, that he is entitled to receive at least such of those benefits as accrued during the pendency of his appeal to the full commission.

Such a situation invites litigation. Thus, for example, were we not to resolve the anomaly, the employee could continue prosecution of his petition to adjudge the employer in contempt[4] for failure to pay the benefits which accrued pending the disposition of his appeal to the full commission. The normal aftermath of that proceeding would, of course, be a civil action by the employer against the employee for unjust enrichment. *Woods* v. *Safeway System, Inc.*, 102 R. I. 493, 232 A.2d 121. The net result would leave the parties in the same situation as they now are except that each would be the poorer by reason of the cost of the litigation.

Such a situation prompted the South Carolina court to say in pointed fashion that:

> "Reversal of the order under appeal, for such error, would be a futile gesture, because although on the one hand the employer would be obligated to make such payment, on the other the employee would be equally and simultaneously obligated to make restitution of the amount so received." *Case* v. *Hermitage Cotton Mills*, 236 S. C. 515, 534, 115 S.E.2d 57, 68.

---

[4]The employee, under authority of *Segrella* v. *Workmen's Compensation Comm'n*, 91 R. I. 282, 162 A.2d 810, commenced proceedings to adjudge the employer in contempt for its failure to make the required payments. His petition was filed on October 2, 1967, heard by a trial commissioner on November 27, 1967, and decided adversely to him on January 4, 1968. That case is now pending on appeal to the full commission.

The interests of what is fair and just demand that we avoid the circuity of action which inheres in the peculiar circumstances of this case and that we end litigation. Accordingly, we hold that (1) the commission did not err when it suspended retroactively the employee's right to compensation benefits because of his failure to submit himself to the physical examination which the employer had requested and for which it was prepared to pay; (2) the effect of the trial commissioner's decree suspending the payment of benefits was stayed pending the employee's appeal to the full commission; (3) the employee has not, either as a result of the full commission's decree or of this decision, lost his right to recover those benefits; (4) the benefits which accrued during the pendency of the appeal, if now paid, could be recovered in a civil action for unjust enrichment; (5) the peculiar circumstances of this case make it pointless for us not to take such steps as will bring this litigation to an end.

On June 28, 1968 the parties may present for our approval a form of decree, in accordance with this opinion, for entry by the workmen's compensation commission.

*Ambrose W. Carroll,* for petitioner.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* of counsel, for respondent.