**Wendy C. Young ZECCHINO**

v.

**STATE of Rhode Island.**

No. 84–48–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1987.

Raul L. Lovett/Marc Gursky, Lovett Scheffrin & Gallogly, Providence, for petitioner.

Arlene Violet, Atty. Gen., Richard B. Woolley, Asst. Atty. Gen., for respondent.

OPINION

SHEA, Justice.

This matter is before the Supreme Court on the appeal of an employee from a decree of the Workers Compensation Commission denying the employee's petition to adjudge her employer, the State of Rhode Island, in contempt.[1] We affirm.

The parties stipulated to the facts in this case. They had entered into a preliminary agreement for compensation benefits on February 11, 1977 arising out of an injury suffered by employee on October 28, 1976, while employee had been working as an attendant at the Ladd School, which injury

---

1. This appeal was filed prior to the enactment of P.L.1984, ch. 162 § 1 which provides that review by this court in workers' compensation cases is by petition for a writ of certiorari.

caused incapacity beginning November 16, 1976. Later, her employer filed a petition to review the preliminary agreement, WCC 77–1064, on the grounds that employee's incapacity for work had ended. During that hearing, a report of an impartial medical examiner, Dr. David M. Barry, was received into evidence. It was Dr. Barry's opinion that employee was no longer suffering any incapacity as a result of the injury in question and was able to resume her regular employment.

The employee, exercising her right under the law, elected to have the independent medical examiner come before the commission for the purposes of cross-examination. The trial commissioner entered an interlocutory decree on November 3, 1978. It recited that after the hearing on the petition to review and in consideration of the findings contained in the impartial medical report of Dr. David M. Barry, dated July 25, 1978, the employer could suspend payments of compensation benefits effective October 18, 1978, pending a hearing requested by employer for the purposes of cross-examination of Dr. Barry.

A decree was entered on December 7, 1979, suspending payments of compensation as of October 18, 1978. The impartial medical examiner had never been brought into the commission for cross-examination, and nowhere in the record of either case, or in the stipulated facts, is a reason given why the cross-examination never took place. The employee filed an appeal from that decree of the trial commissioner, and on February 5, 1980, the appellate commission entered a final decree denying and dismissing the appeal. There was no appeal from the final decree to the Supreme Court.

In October 1980, eight months later, this petition to adjudge employer in contempt was filed. It is employee's position that the decree entered by the trial commissioner granting employer's petition to review and terminating compensation payments was stayed under the provisions of G.L. 1956 (1979 Reenactment) § 28–35–33, pending her appeal to the appellate commission. Therefore, she argues, she was entitled to

the weekly compensation for total incapacity from the date compensation payments were suspended under the interlocutory decree until the date of the final decree of the appellate commission, a period of one year and four months. The trial commissioner denied and dismissed the petition to adjudge in contempt, and that decision was affirmed by the appellate commission. A timely appeal to this court followed.

■ The employee first argues that the trial commissioner exceeded his authority by entering an interlocutory decree suspending benefits since there is no specific authority in the law for the entry of such a decree. It is a fact that the entry of an interlocutory decree suspending payments is not a regular event at the Workers' Compensation Commission. However, there is no prohibition in the act for such a decree. The authority vested in the Workers' Compensation Commission by G.L.1956 (1979 Reenactment) § 28–30–12 to make suitable and special orders in all proceedings under chapters 29 to 38 of title 28, serves as a basis for finding the necessary authority for these rare instances in which the trial commissioner believes such an order is necessary and justified. No doubt this was the thinking of the court when *Uniroyal, Inc. v. Healey*, 104 R.I. 201, 204, 243 A.2d 741, 743 (1968), was decided. In that case the court questioned the propriety of such an interim order in an earlier case in which an employee refused to submit to a medical examination but did not disapprove of the entry of the interlocutory decree. Furthermore the Workers' Compensation Commission has been analogized to courts in terms of its required adherence to the statutory and common-law rules of evidence, *Leviton Manufacturing Co. v. Lillibridge*, 120 R.I. 283, 387 A.2d 1034 (1978), and its power to issue subpoenas, § 28–35–25. It follows then that the entry of an interlocutory decree when the situation warrants it, which suspends compensation payments until a necessary hearing can be conducted, is an exercise of inherent power.

Although the facts stipulated to by the parties lack detail about what actually hap-

pened, a reading of the docket entry sheet in employee's earlier case furnishes all the details needed. On January 30, 1977, the case was heard and continued "nisi" because Dr. Barry had been appointed an impartial medical examiner. On May 4, 1977, the case was assigned to May 11, 1977, then again until May 22, and still again to July 19. On that date, apparently because the first appointment had not been kept, a new appointment was made with Dr. Barry and the case was continued to August 15. On that date the case was again continued "nisi" pending receipt of the impartial medical examiner's report. On August 30 the case was again reassigned to September 11, on which date Dr. Barry's report was placed in the file and the case was continued until October 18, when the interlocutory decree was entered suspending weekly compensation until Dr. Barry was produced by employee. On November 1 the case was continued again, to December 1, and on that date the case was continued to January 4, 1979, with the commissioner noting on the docket sheet "no further continuances." Nevertheless, on July 18, 1979, the case was reassigned to September 18. On September 21 the commissioner's docket entry reads "concluded." The file was closed on December 3, the commissioner mailed his decision on December 5, and the decree was entered on December 7.

■ What we have here is a situation in which the commissioner was faced with credible evidence that disability had ended and with an employee who was not cooperating to complete the hearing with reasonable diligence. Had the commissioner not suspended compensation through the interlocutory decree, sixty-eight weeks of compensation would have been paid to an employee who was not disabled.

This court said in *Uniroyal, Inc. v. Healey*, 104 R.I. at 206, 243 A.2d at 744:

"[S]uch a situation invites litigation. Thus, for example, were we not to resolve the anomaly, the employee could continue prosecution of his petition to adjudge the employer in contempt for failure to pay the benefits which accrued pending the disposition of his appeal to the full commission. The normal aftermath of that proceeding would, of course, be a civil action by the employer against the employee for unjust enrichment. *Woods v. Safeway System*, 102 R.I. 493, 232 A.2d 121 [1967]. The net result would leave the parties in the same situation as they now are except that each would be the poorer by reason of the cost of the litigation."

The situation here is similar to that in *Uniroyal*, and we follow the disposition in that case. The employee's technical right to the compensation is, in our opinion, canceled out by the employer's right to avoid the payment of large sums in compensation to an employee who is no longer entitled to be paid.

For these reasons, the employee's appeal is denied and dismissed and the papers of this case are remanded to the Workers' Compensation Commission.