HINGECO MANUFACTURING COMPANY, INC.
*vs.* EDITH HAGLUND.

JULY 2, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an appeal by an employee from a decree of the superior court granting the prayer of an employer's petition for review that compensation payments to the employee under the workmen's compensation act be forfeited on account of refusal by the employee to submit to physical examination. G. L. 1923, c. 92, now G. L. 1938, c. 300. The provisions of the statute applicable in this cause having remained unchanged in the revision of 1938, reference hereafter will be made to that revision.

The pertinent facts, appearing of record or in the evidence, are practically undisputed and are as follows. The respondent received an accidental injury on May 21, 1937 to the distal phalange of the left index finger, the injury admittedly arising out of and in the course of her employment with the petitioner. Thereafter, the parties entered into an agreement for compensation, which was approved "as of June 15, 1937" by the director of labor in accordance with art. III, § 1 of said chap. 300. This agreement obli-

gated the petitioner to pay the respondent $7 a week, and that sum was regularly paid by the petitioner until November 6, 1937.

On July 6, 1938, the employer's petition to review its preliminary agreement of June 15, 1937 with the employee was denied and dismissed by the director of labor on the ground that the employer had not "sustained the burden of proving by a fair preponderance of evidence the removal of the disability as alleged in the petition." ,The employer, on July 8, 1938, duly appealed to the superior court from this ruling of the director of labor.

The employer's petition for review alleges that the respondent employee was discharged by her attending physician "from further treatment on November 2, 1937"; that, following her discharge from medical treatment, she was employed in a department store until December 24, 1937; that shortly thereafter the petitioner was informed by "her attorney that she was still partially disabled and was entitled to compensation"; and that the petitioner, upon being apprised of this claim, "immediately requested that said Edith Haglund submit to a further physical examination by your petitioner's doctors at its own expense, but said Edith Haglund refused to consent to such examination."

The record shows that the petitioner did not seek the assistance of the court to secure such examination, but made its request therefor, on January 28, 1938, directly upon the respondent, at which time it owed the respondent four weeks compensation under the compensation agreement. In these circumstances, the respondent refused to submit to a physical examination so long as the compensation due her under the agreement remained unpaid. The petitioner made no further payments of any kind thereafter, and finally brought the petition for review involved in this cause.

The trial justice, who heard the petitioner's appeal from the decision of the director of labor denying and dismissing

the petition for review, held that all weekly compensation payments to the respondent "be and the same are hereby forfeited from January 28, 1938 for the refusal of said Edith Haglund, the employee, to submit to an examination as requested by her employer on said date." The decree thereafter entered incorporates, among other things, the finding just mentioned and further specifically provides: "That said Edith Haglund is entitled to compensation at the rate of Seven ($7) Dollars per week from December 24, 1937 to January 28, 1938, a period of four weeks."

In our opinion, the answer to the following question is determinative of this cause. Is an employer, who has bound himself by agreement to pay compensation to an injured employee, in accordance with the terms of the workmen's compensation act, entitled, while such agreement continues in full force and effect, to invoke and receive affirmative relief freeing him from the obligation of making future payments to the employee under that agreement, especially by way of forfeiture, although at the time of seeking such relief and benefit, the employer is in default in the payment of compensation legally due the employee? Our answer to this question is in the negative.

This court has consistently regarded the workmen's compensation act as a remedial statute to be liberally construed and applied in order that it may effectuate its purpose, namely, to secure compensation to an employee who is disabled by injury arising out of and in the course of his employment. *Broughey* v. *Mowry Grain Co.*, 61 R. I. 221; *Distante* v. *United Electric Rys. Co.*, 53 R. I. 258. One of the objects of the act is to protect an injured employee against the consequences that ordinarily follow an impairment or destruction of earning capacity by substituting the benefits which the act grants for the weekly wages that such employee would have earned but for his disability. *Harvey* v. *Brown*, 56 R. I. 34. In so far as the precedure is indicated

in the act, the legislative intention is clear that practice in equity be followed. *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97.

Article III, § 1 of the workmen's compensation act provides that an agreement between employer and employee in regard to compensation, which has been approved by the director of labor "shall be enforceable by . . . proceedings for contempt for wilful failure or neglect to obey the provisions of such agreement." In that respect the agreement has, in effect, the force of a decree. In the instant cause it is clear that, when the petitioner asked for affirmative relief from the payment of future compensation to the respondent, it had intentionally failed or neglected to obey the provisions of its existing agreement with her by stopping payment without having first obtained a modification of the agreement from the proper tribunal. See *Carpenter* v. *Globe Indemnity Co.,* 65 R. I. 194. It is also clear that at that time the petitioner was subject to proceedings in contempt by the respondent to enforce payment under that agreement.

The petitioner can derive no advantage from the fact that the respondent did not have recourse to such proceedings before the petitioner brought its petition for review. The controlling consideration in the circumstances before us is that by such petition the employer asked for affirmative assistance for its own benefit, when it was clearly in default and liable to contempt proceedings, without even offering to pay any unpaid compensation that might actually have been due to the injured employee.

The petitioner seeks to enforce a forfeiture in this cause. Its contention is that the respondent forfeited her right to compensation under art. II, § 21 of the act when she refused to comply with its request for a physical examination. One who seeks to enforce a forfeiture must himself

be free from blame. The maxim that he who seeks equity must do equity is applicable here.

To relieve the petitioner from carrying out the provisions of its agreement with the respondent in the circumstances of this cause is, in our opinion, a clear violation of the purpose and intent of the workmen's compensation act. An employee is ordinarily dependent upon the weekly wages for his livelihood. A disabling injury through accident arising out of and in the course of employment deprives him of this income and ordinarily makes him greatly dependent upon whatever compensation he is entitled to receive under the act. If an employer, purely on its own judgment, can default in the payment of compensation to an injured employee and, while so in default, can invoke and receive affirmative assistance to his own advantage, then the object of the act will be substantially defeated. This is unjust to the injured employee, whom the act primarily intends to protect.

For the reasons stated, we are of the opinion that the employer's petition for review in the instant cause should have been denied and dismissed without prejudice to the rights of either party. In view of this conclusion, it is unnecessary to consider the other contentions of the parties.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree in accordance with this opinion.

*Haslam, Arnold & Sumpter, W. Vincent Sumpter, Harry A. Tuell,* for petitioner.

*Roger L. McCarthy,* for respondent.