MARY CAMPISANI *vs.* SUN DIAL OPTICAL COMPANY.

MAY 8, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is an original petition brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300, to obtain compensation and certain expenses following an alleged injury to petitioner.   After a hearing in the superior court a decree was entered awarding her compensation, medical and incidental expenses, and from the entry of that decree respondent duly prosecuted its appeal to this court.

The trial justice embodied in the decree the following findings of fact, namely, that on March 14, 1951 petitioner, while in the course of her employment by respondent, sustained an injury by accident which resulted in her total disability; that at the time of the entry of the decree she was still totally disabled from such injury; that notice thereof was given to respondent in accordance with the provisions of the workmen's compensation act; and that petitioner's average weekly wage at the time of her injury was $32.

The petitioner testified in substance that on the morning of March 14, 1951 she was working as a tapper in respondent's plant on the third floor of a building in the city of Providence.   About thirty-eight employees were present that day.   A sudden explosion occurred in the plant, excitement ensued, and everyone ran for the exit.   When the door was opened all the employees rushed out and petitioner was knocked down and trampled upon.   She was helped to her feet and down the stairs.   She became hysterical when she reached the street and was taken to her home.   Her injuries are described in the petition as back injury, contusions of the arms, legs, breast and body, and a nervous condition.   The next day she was examined by Dr. George J. Dwyer, who treated her for several weeks and then referred her to Dr. Americo A. Savastano, an orthopedic physician who was attending her at the time of the trial.

At that time her back was still seriously troubling her but the other injuries had cleared up. She had not hurt her back in any manner prior to March 14, 1951 and its condition previously had never prevented her from being employed. She has not worked since the day of the accident.

A report of Dr. Dwyer on petitioner's condition was placed in evidence and Dr. Savastano testified for her, stating among other things that he first saw her April 27, 1951; that he received a history of the accident; that she complained of constant pain in her lower back reaching as far up as her shoulders which required her to rest frequently; that bending, lifting and prolonged sitting increased her pain; and that she had recurrent headaches. The doctor treated her with physiotherapy, provided her with a canvas back support, and later ordered a steel brace and instructed her how to use a bed board.

Thereafter when pain and numbness developed in one of her legs the doctor had her admitted to a hospital where a myelogram test was made in October 1951. He testified that it revealed "an incomplete filling of the nerve root sheath between the fifth lumbar and first sacral vertebra on the right side * * *." In his judgment this situation together with pain in her leg is "fairly good evidence of a ruptured intervertebral disc." He also testified: "An operation may or may not become necessary. Some cases of this type improve without surgery, others become worse and require surgery." In answer to a question regarding her attempting to work he said: "I consider her totally disabled at the present time" due to the injury she received in the accident of March 14, 1951. The doctor further testified that he found in petitioner's back evidence of spondylolisthesis, a congenital anomaly or malformation whereby one vertebra is slipped forward on another usually at the lumbosacral joint. Since petitioner had given no history of any previous back pain, in his opinion the above-described condition in and of itself would not cause or

affect the disability from which she was suffering after the accident.

No medical evidence was introduced by respondent. It argues, first, that the trial justice committed error in allowing certain testimony to be introduced over its objection. An examination of the record constrains us to hold that respondent is not in a position to press that argument. The fifth reason of appeal reads as follows: "Said Decree is erroneous in that the Trial Justice erred in admitting certain testimony during the course of the trial to which objection was made." This is the only reason of appeal bearing upon the point in question. General laws 1938, chap. 300, art. III, §7 (b) dealing with appellate procedure in cases of this kind contains in part the following language: " * * * the appellant shall file reasons of appeal stating specifically all the questions of law or equity decided adversely to him which he desires to include in his reasons of appeal * * *." In our opinion the above provision of the statute has not been complied with by respondent in respect to the ruling sought to be reviewed. As indicated, the fifth reason of appeal is very general and does not state specifically the question decided adversely to respondent which it now desires to argue. For that reason we consider that respondent's first point is not properly before us and we do not pass upon it.

The respondent also contends that the trial justice erroneously permitted petitioner to reopen her case at the conclusion of all the evidence in order to introduce testimony to show that timely notice of her accident and injury had been given to respondent in accordance with the provisions of the workmen's compensation act. In making the above ruling the trial justice stated: "I think in view of the fact that defense was made before the Director of Labor and made before me directed to the merits of this case only and not to a procedural defect that it is proper to permit the petitioner at this time to show that notice was in fact

given." The disposition of such an issue during a trial ordinarily is within the sound judicial discretion of the trial justice. *Lomastro* v. *Hamilton*, 76 R. I. 114. In view of the existing circumstances and the fact that it is desirable that cases of this type be decided on their merits as expeditiously as reasonably possible, we are of the opinion that the trial justice did not abuse his discretion or commit error in allowing petitioner to reopen her case for the above purpose and that respondent takes nothing by its contention.

In its brief respondent admits that in view of the conflicting evidence on the point it is not in a position to attack the finding of the trial justice that petitioner suffered an accident as described by her. However, it does claim that his findings in regard to the injuries and incapacity of petitioner to work are not based on legal evidence. We have examined the transcript and the exhibits and are of the opinion that the findings questioned by respondent are supported by legal evidence. *Esmond Mills, Inc.* v. *Mollo*, 78 R. I. 27. In such circumstances it is provided in G. L. 1938, chap. 300, art. III, §6, with reference to the decree to be entered in the superior court that "Such decree shall contain findings of fact which, in the absence of fraud, shall be conclusive."

In this connection respondent has attempted for the first time to raise the issue of the existence of fraud in this case by attaching to its brief a copy of a letter written by Dr. Savastano, subsequent to the superior court hearing, and arguing the matter of alleged fraud in its brief without any previous notice thereof to the petitioner. Because of the view which we take regarding such procedure, it will not be necessary to refer in detail to the copy of the above-mentioned letter. Although no particular method is provided by statute for raising the question of fraud in a compensation case, it is nevertheless our opinion that such question cannot properly be brought up in the above man-

312

ner. In our judgment that issue should be raised and tried in the superior court like any other question of fact. Such was the procedure followed in *Ferguson* v. *George A. Fuller Co.,* 78 R. I. 412. In cases of this kind we do not decide questions of fact.

If, owing to unusual circumstances, the matter of fraud should legitimately arise for the first time in a case after it has been heard on its merits in the superior court, possibly the court in which the case then is pending might be asked, after giving the opposing party an opportunity to be heard, to provide some method for having that issue tried. Clearly, however, the question is one of fact and cannot be raised for the first time on the final argument in the appellate court. In the circumstances we consider that in this cause the issue of fraud is not properly before us on the present record and therefore it is not passed upon. Accordingly the above-quoted provisions of the statute apply and the findings of fact of the trial justice as set out in the decree entered in the superior court, being supported by legal evidence, become conclusive.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Angelo Caldarone, Aram A. Arabian,* for petitioner.

*Eugene J. Sullivan, Jr.,* for respondent.