ALBERT WOLF *vs.* PRICE-FLETCHER TREE SERVICE.

DECEMBER 30, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an employee's petition to set aside a compensation agreement for suspension and settlement receipt, hereinafter called the agreement, signed by him and approved by the director of labor under the workmen's compensation act, general laws 1938, chapter 300, as amended. The first petition sought to nullify such agreement on the ground that it was obtained by "fraud or coercion." However, this ground was later amended to read "fraud, coercion or mutual mistake of fact." After a hearing thereon before a single commissioner a decree was entered denying the petition, and on appeal therefrom the decree was affirmed by the full commission. The case is here on the petitioner's appeal from such decree.

In our opinion the decree is correct. The workmen's compensation act is entirely statutory and petitioner's rights

thereunder are governed by its provisions. In this connection public laws 1954, chap. 3297, article III, section 1, which is relied on by petitioner, among other provisions permits an appeal from a compensation agreement approved by the director of labor *only* where the petitioner alleges that such agreement has been procured by fraud or coercion. There is no provision that such an agreement may be set aside and nullified on the ground of mutual mistake of fact.

The only question here is whether there was evidence to support the findings in the decree as to fraud or coercion. These findings by a single commissioner, which on appeal were approved by the full commission, are to the effect that there was no coercion or fraud, actual or constructive, in connection with the execution of the instant agreement. On our view there is evidence to support these findings by the commission and consequently they become conclusive under the act.

It is true as argued that under a proviso appearing in the same section of the act the legislature permits a determination and an appeal of a petition alleging accident, mistake, or unforeseen cause in regard to certain matters. But the context shows expressly that such grounds, including mistake, are there addressed to a petition to explain a failure to correctly diagnose the injuries received by an employee or to correct a misdescription thereof. At any rate that proviso limits those grounds to a petition to correct an agreement and does not authorize a petition to set aside and nullify completely a compensation agreement for suspension and settlement receipt which has been properly entered into and executed by the parties and has been approved by the director of labor in accordance with the act.

In the instant case we are of the opinion that unless we can say the ground of mutual mistake was intended to be the equivalent of fraud or coercion, petitioner's claim must fail. However, if the legislature so intended they could easily have added such ground to those of fraud or coercion.

The failure to so include that ground is significant as to the legislative intent.

The case of *Capobianco v. United Wire & Supply Corp.*, 77 R. I. 474, which is strongly relied on by petitioner, is not authority for his contention. The references there to "fraud, coercion, or mutual mistake of fact" were used to describe the nature of the petitioner's three grievances as alleged in the petition. Such language plainly was not used with an intent to validate all of such grounds as equally proper to set aside an agreement under the act for suspension of compensation, since that precise issue was not before this court for decision in that case and was not decided. In our judgment no error of law has been established and the decree should be affirmed.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission.