JENNIE CATANESE *vs.* A. D. JUILLIARD & Co., INC.

AUGUST 9, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an employee's petition under the workmen's compensation act, general laws 1938, chapter 300, to review a decree, which relieved the employer of payments for partial incapacity, on the ground of present decreased earning capacity. The case was heard by a justice of the superior court who made certain findings of fact and entered a decree awarding petitioner compensation for maximum partial incapacity. From that decree the respondent has appealed to this court.

The petitioner was injured on March 3, 1950 in the course of her employment with respondent, and thereafter a decree was entered in the superior court awarding her compensation for total incapacity at the rate of $27.12 per week based on an average weekly wage of $45.20. This decree was not appealed from but subsequently the respondent employer filed a petition to review it on the ground that petitioner's incapacity had diminished or ended. A decree of the superior court, entered on May 19, 1952, authorizing cessation of said compensation was later affirmed in *A. D. Juilliard & Co.* v. *Catanese,* 80 R. I. 420.

The employer accordingly ceased compensation payments as of June 24, 1953. Thereupon the employee consulted another attorney who on August 18, 1953 sent a letter to the employer stating that the employee was available for light work and requesting that he be advised when and where she should report for such work. This letter was not answered and the employee filed the present petition for review.

After a hearing thereon in the superior court, a decision was rendered by the trial justice in which he reviewed the evidence and found that petitioner was partially disabled and could perform light work for only three hours daily, five days a week; that her condition and incapacity became more severe after entry of the above-mentioned decree of May 19, 1952 and was casually related to the original injury of March 3, 1950; and that the employee, in good faith and within a reasonable time subsequent to the cessation of compensation payments, requested light work from the employer who did not comply therewith. The trial justice granted the petition for review, ordered payment of maximum partial compensation at the rate of $18 per week from June 25, 1953, and denied respondent's request that it be given credit for compensation paid to the employee during the time the appeal in the former case was pending. A decree based on the trial justice's decision was entered on March 25, 1955 and is before us on respondent's appeal.

The respondent filed six reasons of appeal which in substance amount to a claim that there is no evidence to support the trial justice's finding that petitioner was incapacitated so as to be entitled to partial compensation. It further contends that if he found the employee was entitled to compensation, the employer should be given credit for the compensation paid to petitioner while her appeal in the case of *A. D. Juilliard & Co.* v. *Catanese, supra,* was pending.

After carefully considering the evidence we are of the opinion that the findings of fact by the trial justice in the decree appealed from are supported by legal evidence. Doctor Gerald J. Curreri testified that he last saw petitioner on January 14, 1954; that her condition became worse after May 19, 1952 and had thereby *reduced* her ability to perform work; and that she was permanently and partially incapacitated. He also testified that she was not a malingerer; that he had been seeing her once a month; and that there was a causal connection between her present incapacity and the original injury. He further stated that she should try light work but he doubted that she could work an eight-hour day or a forty-hour week.

The petitioner testified that her condition became worse after May 19, 1952; that she could not perform her regular job as a speeder tender but could perform light work for three or four hours a day for four or five days a week; that after June 24, 1953 she had tried to obtain light work from respondent; and that there was no work available to her. Doctor Louis A. Sage, who had been appointed by the department of labor to make an impartial examination, stated that if petitioner wore a steel brace she would be able to do some light work.

From this testimony it is clear that the findings of fact by the trial justice are based on legal evidence. In the absence of fraud such findings are conclusive. G. L. 1938, chap. 300, art. III, §6. *Jillson* v. *Ross,* 38 R. I. 145. For that reason

this court does not pass upon the weight of the evidence or the credibility of the witnesses.

We cannot agree with respondent's contention that it should receive credit for compensation paid petitioner pending the appeal in the case of *A. D. Juilliard & Co.* v. *Catanese, supra,* in which this court affirmed the decree of the superior court authorizing cessation of compensation awarded to this employee under a previous petition. We find no provision in the workmen's compensation act granting this court power to allow such credit in a proceeding like this. The court's jurisdiction is entirely statutory and the rights of the parties thereunder are governed by the provisions of the act. *Wolf* v. *Price-Fletcher Tree Service,* 83 R. I. 467, 119 A.2d 723. The instant case was decided under the act when an appeal suspended the operation of the decree appealed from. *Dunn* v. *Broomfield,* 74 R. I. 27. This being so, the employee's appeal in the former case suspended the operation of the decree authorizing cessation of payments, and therefore the employer was bound by the terms of the statute as it then existed to continue payments up to the ultimate determination of the appeal.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*M. Louis Abedon, A. William Gelfuso,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.