Carmella DiVona *vs.* Haverhill Shoe Novelty Co., Inc.

DECEMBER 12, 1956.

Present: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is an employee's petition brought under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297, to review a preliminary agreement for compensation on the ground of an alleged decrease in her earning capacity, and for the allowance of certain medical fees.

During a hearing before a single commissioner of the workmen's compensation commission the employee introduced evidence to show that certain psychical effects had developed from the injury set out in the preliminary agreement of May 8, 1951, and the single commissioner entered a decree finding partial incapacity from July 29, 1954. On appeals therefrom by petitioner and respondent, the full commission affirmed the decree of the single commissioner. Both the employer and the employee have appealed from the decree of the commission.

It appears that petitioner had sustained an injury to her left index finger on February 19, 1951 arising out of and in the course of her employment and that a preliminary agreement for compensation was entered into by the parties on March 9, 1951. This agreement was suspended by an approved compensation agreement and settlement receipt stating that the employee had returned to work on April 30, 1951. The employee shortly thereafter again became incapacitated and a new preliminary agreement was entered into dated May 8, 1951 wherein the injury was described as "Left index finger, distal phalanx, severe contusion and extensive loss of tissue from palmar surface." This agreement, which was approved, further provided for payment of compensation for the duration of total incapacity starting May 3, 1951.

The employer subsequently filed a petition to review the preliminary agreement of May 8, 1951. After a hearing in the superior court, the petition was granted and by a decree

entered September 11, 1953 further payments of compensation were ordered suspended. The employee appealed to this court which affirmed the decree of the superior court suspending payments of compensation. *Haverhill Shoe Novelty Co.* v. *DiVona,* 82 R. I. 254, 107 A.2d 305. The decree thus affirmed contained the following finding of fact: "That the incapacity of the employee resulting from the injury of February 19, 1951, has ended insofar as that incapacity results from the injury, the nature and location of which are set forth in the preliminary agreement." Thereafter on March 7, 1955, the employee filed the instant petition.

The respondent employer now urges that this claim for compensation is barred by the doctrine of res adjudicata, contending that the same issues were heard and decided in *Haverhill Shoe Novelty Co.* v. *DiVona, supra,* and that the condition which she claims is now incapacitating existed at the time of the previous trial. The controlling question therefore is the extent to which the doctrine of res adjudicata is to be applied in cases arising under the workmen's compensation act.

In the case of *Card* v. *Lloyd Mfg. Co.,* 82 R. I. 182, 107 A.2d 297, we held that the doctrine of res adjudicata is applicable in cases arising under the compensation act. The pertinent question here is whether the doctrine is to be applied in these cases with the same rigidity as it is applied in other areas of the law. We are of the opinion that when the subject matter is a petition by either an employer or an employee to review a decree or preliminary agreement for compensation, the application of such doctrine should be limited.

In *Coates* v. *Coleman,* 72 R. I. 304, at page 312, we stated: "When the parties and the cause of action are the same a judgment rendered on the merits in a former proceeding is a finality as to every issue *that might have been raised therein* as well as to those that were actually raised and de-

cided." (italics ours) Clearly, an issue that could have been raised at a prior trial is concluded under the doctrine as thus applied. However, we do not think that this doctrine should be strictly applied in compensation cases arising under the provisions of P. L. 1954, chap. 3297, article III, sec. 12, which provide for petitions to review decrees, orders, or agreements.

It is our opinion that in enacting sec. 12 the legislature intended to give both an employer and an employee a comprehensive right to litigate from time to time, on a petition to review or one based on a new injury, questions involving an increase or a decrease in the incapacity of the employee after an approved agreement or a decree has been entered. In our judgment it would do violence to the legislative intent to apply the doctrine of res adjudicata so as to preclude an employer or an employee from having an actual adjudication of the issue of alleged increased or decreased incapacity which may have inhered in the physical injury described in the agreement, although it had not become incapacitating at the time of the prior proceeding and decision.

Consistent with a liberal construction of the provisions of the act we hold that the doctrine of res adjudicata will be applied in these cases only with respect to such issues as were actually raised and decided in the prior action. The question then becomes one of fact: Was the questioned issue of fact raised and decided in the prior case? If it was, it is barred by the doctrine. If it was not so raised and decided, it may properly be heard in the subsequent proceeding in accordance with the act.

Applying this view of the law we cannot agree with the respondent's contention that the doctrine of res adjudicata should be applied here as a matter of law. In distinguishing the prior case of *Haverhill Shoe Novelty Co.* v. *DiVona*, 82 R. I. 254, at page 260, 107 A.2d 305, 307, we stated: "However, in the present case no contention is made by re-

spondent or is supported by evidence that her original injury has had any psychical effects." That issue is presented for the first time in the instant petition. Therefore we are of the opinion that the commission did not err in hearing the instant case.

The respondent further urges that if the award for partial compensation made by the workmen's compensation commission be affirmed, it should be allowed a credit of $1,-282.40, which is the amount of the payments of partial compensation made by it to this employee while its appeal from the decree of the superior court in the prior case was pending. The respondent has not called to our attention any provision in the act, and we are not aware of any, which either provides for so crediting prior compensation payments or which authorizes the commission to properly enter such an order. It is our opinion that the workmen's compensation commission did not err in refusing to credit the prior payments under consideration.

The petitioner also has appealed from the decree of the commission, claiming that they erred in failing to find that she was totally incapacitated by the physical as well as the psychical effects of the injury. We have carefully examined the transcript and are of the opinion that there is legal evidence to support the findings of the commission that the petitioner's incapacity is only partial and that such incapacity results solely from psychical effects causally connected with and flowing from the physical injury described in the preliminary agreement.

The appeals of both the petitioner and the respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Frank C. Cambio,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.