ROSE CINQUANTO *vs.* AMERICAN SILK SPINNING COMPANY

JULY 16, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

112

The record discloses the following pertinent facts. On February 18, 1953 petitioner filed an original petition in the office of the director of labor. After a hearing thereon a decision was rendered by the department of labor on May 8, 1953 finding that petitioner became partially disabled on September 2, 1952 and ordering the payment of compensation for partial incapacity in the sum of $18 per week from September 3, 1952. Thereafter respondent appealed from such decision to the superior court. While the appeal was pending in that court and before any hearing was held thereon, the parties reached an agreement as to the amount of compensation which was due the employee.

Thereupon the respondent insurer prepared four copies of a preliminary agreement and four copies of a compensation suspension agreement and receipt. These were all sent to petitioner's counsel, and on November 20, 1953 they were executed by her in his presence. He then returned all of the copies to the insurer. Thereafter, in accordance with the agreement of the parties, the petitioner received the sum of $716.40 in full payment of compensation claimed to be due for the period from the date of the injury to June 9, 1953, the date on which the petitioner certified she was able to return to work. The compensation suspension agreement contained a typewritten statement that this payment was made in accordance with the decision of the director of labor dated May 8, 1953. A stipulation was filed in the superior court on February 12, 1954 by respondent insurer's counsel stating: "The appeal of the employer respondent from the Decision of the Director of Labor, dated May 8, 1953, is hereby discontinued." Copies of said stipulation were sent to and were received by the department of labor and petitioner's counsel.

Sometime thereafter petitioner, feeling that she was disabled, again consulted her counsel. He communicated with respondent's insurer and requested a copy of the preliminary agreement. He was then told by the insurer that such agreement had been marked "void" and had not been forwarded to the director of labor for approval. However, the insurer had forwarded the compensation suspension agreement and receipt which had been approved by the director of labor on January 26, 1954. In response to petitioner's request the copies of the preliminary agreement were transmitted to her counsel and he thereupon commenced the instant proceeding and attached the original preliminary agreement to the petition.

There is no dispute about the fact that four copies of the preliminary agreement and four copies of the compensation suspension agreement were all signed by petitioner and

witnessed by her counsel. He admitted that he had no understanding with respondent's insurer as to what was to be done with the executed preliminary agreement or that they would forward the agreement to the director of labor.

After the hearing the trial commissioner entered a decree which contained the following findings of fact: "1. That said Commission has no jurisdiction over preliminary agreements which have not been duly approved by the Director of Labor. 2. That original jurisdiction for receipt of and approval of preliminary agreements is vested in the Department of Labor. 3. That the petitioner was paid benefits in compliance with the order of the decision of the Department of Labor dated May 8, 1953, and the compensation suspension agreement and settlement receipt, which was duly approved by the Director of Labor on January 26, 1954." In accordance with such findings the petition was denied and dismissed. Thereafter on May 24, 1956 the findings of fact and orders contained therein were affirmed on appeal by a final decree of the full commission.

Under her third reason of appeal, which is the only one she is pressing, petitioner states: "That the Decree of the Commission heretofore entered on May 24th, 1956 is against the law, the evidence and the weight thereof." Both parties agree that the main issue raised in the instant record is whether or not the workmen's compensation commission has jurisdiction to order respondent to file the purported preliminary agreement with the director of labor. This, however, raises still another question, namely, whether or not the commission has authority to order the director of labor to do what petitioner requests by her petition.

The petitioner's purpose in prosecuting the instant petition is to place herself in a position where she can ultimately file a petition to amend the original preliminary agreement. She therefore contends that the commission has jurisdiction to grant the relief prayed for. In support of this argument she claims that the determination of the question

presented is one of statutory construction and that therefore public laws 1954, chapter 3297, should be construed liberally. She further contends that sec. 3 (a) and sec. 17 of article III, and sec. 5 of art. IX of said chapter are procedural and should govern all cases which come before the commission after chap. 3297 became effective, regardless of the date when such cases were filed. Therefore since the instant petition was filed after the pertinent sections of chap. 3297 became effective, petitioner contends that the workmen's compensation commission, by the very act which created it, has jurisdiction over the parties and power and authority to order the relief prayed for under the express provisions of said secs. 3 (a) and 17 of art. III and sec. 5 of art. IX of chap. 3297. Those sections became effective on July 1, 1954.

Moreover petitioner further contends that secs. 3 (a) and 17 of art. III, and sec. 5 of art. IX should receive the same construction or interpretation as was given by us in *Berditch* v. *James Hill Mfg. Co.*, 85 R. I. 69, 125 A. 2d 204, where we held that secs. 4 and 7 of art. III of chap. 3297 were intended to be largely procedural and to govern all cases which at the time were not decided and would thereafter have to come before the workmen's compensation commission.

The respondent explains the presence of the preliminary agreement in these proceedings by stating that the agreement was prepared and sent to petitioner by a mistake on the part of the insurer's office staff. Moreover respondent contends that under the procedure followed by the parties in the instant case the execution of the preliminary agreement was not required by the act; that it should therefore be considered as unessential surplusage; and that it should be totally disregarded. In addition to this, respondent contends that since the agreement had not been approved by the director of labor it had no legal effect as a contract. Moreover, petitioner does not deny that she received all the

compensation agreed upon at the time she executed the agreements.

The respondent contends that the commission lacks the power to grant the relief prayed for on the ground that under art. III, sec. 1, of the act the director of labor is vested with exclusive jurisdiction over the approval of such agreements. The respondent further contends that there is no provision in the act vesting authority in the commission to order such agreement transmitted to the director of labor as prayed for. Nor is there any provision in the act requiring either the employer or its insurer to file such agreement with the director of labor. Finally respondent contends the act does not authorize the commission to adjudge either party in contempt for failure to file such agreement with the director of labor.

In *Wolf* v. *Price-Fletcher Tree Service,* 83 R. I. 467, 119 A. 2d 723, we recently held that the workmen's compensation act is entirely statutory and that a petitioner's rights thereunder are governed by its provisions. In the instant case the petitioner filed her original petition for compensation in the office of the director of labor under the provisions of general laws 1938, chap. 300, art. III, §2, of the act as it then existed. In such circumstances the preliminary agreement which had been executed by the parties was not required by any provision of the act and should therefore be considered as unessential surplusage and should be totally disregarded. Moreover when respondent's appeal was discontinued in the superior court the status of the petition was again governed by the decision of the director of labor which came into full force and effect at that time. The execution of the compensation suspension agreement and receipt thereafter by the parties was the proper procedure.

We have carefully examined secs. 3 (a) and 17 of art. III and sec. 5 of art. IX, chap. 3297. It is our opinion that these sections have not, either by express language or by

necessary implication, amended sec. 1 of art. III so as to divest the director of labor of exclusive jurisdiction for receipt and approval of preliminary agreements. Chapter 3297 vests original jurisdiction for receipt and approval of preliminary agreements and suspension receipts in the office of the director of labor.

We are also of the opinion that chap. 3297 does not directly or indirectly confer authority on the workmen's compensation commission to exercise jurisdiction which is expressly and exclusively vested by the act in the department of labor. Neither is there any provision in the act which empowers the commission to order the department of labor to file such preliminary agreements or to delete anything therefrom, unless they have been first duly approved by the director of labor. Under the act a preliminary agreement is provided for only when the parties voluntarily agree to execute the same. However, such agreements have no legal effect unless and until they are forwarded to and receive the approval of the director of labor. *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194; *Brown & Sharpe Mfg. Co.* v. *Giacoppa*, 69 R. I. 378. There is no provision in the act authorizing the commission to compel either party in a workmen's compensation case to forward such agreements to the director of labor. Moreover the act contains no provision requiring or compelling either party to file such agreements. Consequently the commission lacks the power to adjudge parties in contempt for failing to do that which under the law they are not required to do.

In our opinion therefore the workmen's compensation commission lacks jurisdiction over preliminary agreements which have not been duly approved by the director of labor, and the jurisdiction for receipt of and approval of such agreements is vested by the act solely in the department of labor. Therefore the final decree of the commission was not in error, since the commission lacks the authority to grant the relief requested in the petition.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission.

FLYNN, C. J., did not participate in the decision.