232 A.2d 121.

MAURICE C. WOODS *vs.* SAFEWAY SYSTEM, INC.

JULY 18. 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This cause was before us recently on the respondent's appeal from a decree of the full commission which had granted the employee's original petition for benefits under the act. See *Woods* v. *Safeway System, Inc.*, 101 R. I. 343, 223 A.2d 347. In that proceeding we held that the commission erred in awarding compensation benefits to the petitioner. Accordingly we sustained the employer's appeal, reversed the decree appealed from, and

remanded the cause to the workmen's compensation commission for further proceedings.

After a hearing upon the question of the entry of a final decree, the commission entered a decree denying and dismissing the employee's original petition. The commission denied respondent's request to incorporate in said decree a provision[1] for the repayment to respondent of monies paid pursuant to the decree which was reversed by us. The matter is before us on respondent's appeal from the commission's ruling.

The facts relating to the issue raised by this appeal are briefly as follows. The decree entered after the hearing on the original petition ordered respondent to pay compensation benefits to the employee, medical and hospital bills, and counsel fees. After we denied respondent's ex parte motion for a stay of the operation of such decree, it made the payments in accordance with the provisions of G. L. 1956, §28-35-33.[2] As we have already stated, the commission's decree was subsequently reversed by this court and the cause was remanded to the workmen's compensation commission for further proceedings.

---

[1]The requested provision reads as follows:
"The respondent and its insurance carrier be and they hereby are authorized to obtain re-payment of any and all payments made in pursuance of decree heretofore entered in this case by this Commission."

[2]"Finality of decree—Stay of decree.—The decree entered by the workmen's compensation commission acting within its powers shall in the absence of fraud be final, and any appeal shall not stay the effect of said decree, and if benefits have been ordered to be paid, reduced, discontinued or suspended, the terms of the decree shall be followed until reversed by the supreme court, except that the effect of a decree of a single commissioner from which an appeal is taken to the full commission shall be stayed pending such appeal. Subject to such exception, if compensation payments have been ordered by the workmen's compensation commission, such payments shall be made and continued until reversal, and if payments have not been ordered and the decree is reversed, retroactive payments shall be made from the date provided for in the decision of the supreme court."

The commission premised its denial of respondent's request on the ground that it lacked jurisdiction "* * * to do anything other than enter the decree strictly in accordance with the opinion * * *" of this court and that it had no authority to decide constitutional questions. In our opinion the commission's ruling is correct.

The respondent's appeal raises the question whether the commission or this court has jurisdiction to provide for the repayment of monies paid pursuant to a valid decree of the commission upon the subsequent reversal of such decree by this court. This is a question of first impression in this state and involves a pure question of law.

Workmen's compensation proceedings are entirely statutory—the court's jurisdiction and the rights of the parties are governed by the provisions of the act. *Catanese* v. *A. D. Juilliard & Co.*, 84 R. I. 450, 125 A.2d 123; *Wolf* v. *Price-Fletcher Tree Service*, 83 R. I. 467, 119 A.2d 723; *George A. Fuller Co.* v. *Ryan*, 69 R. I. 347, 33 A.2d 188. There is no provision in the act authorizing the commission or this court to provide for the repayment of monies paid pursuant to a valid decree of the commission upon the reversal of such decree by this court.

Whether the legislature in enacting §28-35-33 overlooked or intentionally failed to provide for reimbursement where payments have been made under a decree which is subsequently reversed by this court we do not know. "* * * Unless there are compelling reasons for us to do so, we should not by implication read into the statute what the legislature has not expressed." *Adelson* v. *McKenna*, 55 R. I. 363, 365, 181 Atl. 799, 800. The statute is neither ambiguous nor equivocal. In the circumstances there is no room for statutory construction. See *New England Die Co.* v. *General Products Co.*, 92 R. I. 292, 168 A.2d 150.

As the court said in *Kastal* v. *Hickory House, Inc.*, 95 R. I. 366, 369, 187 A.2d 262, 264:

"In the face of a statute so clear and unambiguous there is no room for the application of the usual canons of statutory construction. In such a case the statute declares itself. *Vezina* v. *Bodreau,* 86 R. I. 87; *Long* v. *Langlois,* 93 R. I. 23, 170 A.2d 618. We may not where no ambiguity exists search beyond the statute for a different meaning. *Hathaway* v. *Hathaway,* 52 R. I. 39. Even hardship does not justify a court in reading into a statute something contrary to its unequivocal language. *Clark* v. *Orabona,* 59 F.2d 187. Only when the legislature sounds an uncertain trumpet may the court move in to clarify the call. But when the call is clear and certain as it is here we may not consider whether the statute as written comports with our ideas of justice, expediency or sound public policy. In such circumstances that is not the court's business. *Blais* v. *Franklin,* 31 R. I. 95."

In our opinion the rationale of the court in *DiVona* v. *Haverhill Shoe Novelty Co.,* 85 R. I. 122, 127 A.2d 503, applies to the case at bar. In *DiVona* the employer sought a credit for partial payments made to the employee during the pendency of an appeal in a prior case. In rejecting the employer's contention the court said at page 127, 127 A.2d at 506:

"* * * The respondent has not called to our attention any provision in the act, and we are not aware of any, which either provides for so crediting prior compensation payments or which authorizes the commission to properly enter such an order. * * * "

The respondent has drawn a distinction between *Bishop* v. *Chauvin Spinning Co.,* 85 R. I. 255, 129 A.2d 543, *Berditch* v. *James Hill Mfg. Co.,* 85 R. I. 69, 125 A.2d 204, *DiVona, supra, Girard* v. *United States Rubber Co.,* 84 R. I. 319, 127 A.2d 242, and *Brown & Sharpe Mfg. Co.* v. *Giacoppa,* 69 R. I. 378, 33 A.2d 419, in each of which the employee was entitled to some benefits under the act, and the instant case wherein it was decided that no benefits were due the employee. This difference has no legal significance

and is not germane to the issue before us. The monies which respondent seeks in this proceeding were paid under a valid decree and even though that decree was reversed, there is, as we have stated, nothing in the act providing for the recovery of such payments in a workmen's compensation proceeding.

However, respondent is not without remedy. It can bring a civil action, on the ground of unjust enrichment, to recover the monies paid under the commission's decree. The respondent's argument that it should not be required to bring civil actions is more properly addressed to the legislature as a matter of policy. It is not for this court to add by construction a provision which is not necessary to carry out the express provisions of the statute. As the court said in *In the Matter of Nichols*, 8 R. I. 50 at 54:

> "* * * Although, in a free government, every man is entitled to an adequate legal remedy for every injury done to him, yet the form and extent of it is necessarily subject to the legislative power * * *."

In the circumstances we do not, in this proceeding, reach the constitutional questions raised by the respondent.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Coffey, Ward, McGovern & Novogroski; Matthew Ward* and *Dominic F. Cresto, Paul E. Burke,* for petitioner.

*Martin M. Zucker,* for respondent.