**Rene M. SALVAS**

v.

**PAWTUCKET SCHOOL DEPARTMENT.**

**No. 78–236–Appeal.**

Supreme Court of Rhode Island.

Oct. 1, 1980.

Lovett & Linder, Ltd., Raul L. Lovett, Providence, for petitioner–appellee.

Adler, Pollock & Sheehan Inc., Richard G. Galli, Providence, for respondent–appellant.

OPINION

MURRAY, Justice.

This is an appeal by the Pawtucket School Department (employer) from a decree of the Worker's Compensation Commission (commission) awarding compensation for total disability to its employee Rene Salvas. The employer claims that the commission improperly denied its motion to dismiss the employee's petition to review an earlier decree denying compensation. It asserts also that the commission erroneously awarded compensation because the employee failed to sustain his burden of proving the claimed disability.

The facts are not in dispute. In 1971, Salvas suffered a totally disabling back strain in the course of his employment as a

janitor. Salvas petitioned the commission for total–disability compensation and received an award of benefits from July 14, 1971 through January 29, 1974. In 1975, Salvas petitioned pursuant to G.L.1956 (1968 Reenactment) § 28–35–45 [1] for review of that earlier award claiming that he was again totally disabled by the injury sustained in 1971. On June 24, 1976, the trial commissioner decreed that Salvas had proved total incapacity "from March 4, 1975 through October 14, 1975, on account of the return of the effects of" the 1971 injury but had "failed to prove he was incapacitated, in whole or in part, since October 15, 1975" as a result of that injury. Neither party appealed from the trial commissioner's decree.

On August 6, 1976, Salvas petitioned for review of the June 24, 1976 decree alleging that the effects of the 1971 injury had returned immediately after that decree and had rendered him totally incapacitated. The employer did not resume payment of compensation benefits upon receipt of Salvas's petition. It chose instead to rely on the 1976 decree in which the trial commissioner had terminated compensation because Salvas had failed to prove his disability. Prior to the hearing on Salvas's petition, the employer requested Salvas to submit to a medical examination as provided in § 28–33–34.[2] Salvas refused and that refusal prompted the employer to move for dismissal of his petition in an attempt to invoke the sanctions provided in § 28–33–38 [3] for refusal to submit to such an exam.

The trial commissioner denied the employer's motion, basing his denial on the

1. General Laws 1956 (1968 Reenactment) § 28–35–45, since reenacted by G.L.1956 (1979 Reenactment) § 28–35–45, formerly provided:

"At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter, any agreement, award, order, finding, or decree may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage. Upon such review the workmen's compensation commission may decrease, suspend, increase, commence or recommence compensation payments in accordance with the facts, or make such other order as the justice of the case may require. No such review shall affect such agreement, award, order, finding or decree as regards money already paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and except that if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of injury, and any payments made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such methods as may be determined by the workmen's compensation commission. Relief on such review shall not be denied an employee or granted an employ-er or his insurer on the grounds that the employee is incapacitated by an injury or disease which is different from the one for which said employee was paid compensation if the injury or disease incapacitating the employee results from an injury or disease for which employee was paid compensation."

2. General Laws 1956 (1968 Reenactment) § 28–33–34, since reenacted by G.L.1956 (1979 Reenactment), § 28–33–34, formerly provided:

"The employee shall, after an injury, at reasonable times during the continuance of his disability, if so requested by his employer, submit himself to an examination by a physician, furnished and paid for by the employer. The employee shall have the right to have a physician, provided by said employee and paid for by the employer, present at such examination. The employee shall be entitled to a full, exact, signed duplicate copy of the medical report of the examining physician, which shall be mailed by the employer or carrier to the employee and his attorney forthwith upon receipt of the original report by the employer or carrier. Failure to do so shall make such report or evidence of such examining physician inadmissible if objection is made by the employee to the admission of the report or evidence."

3. General Laws 1956 (1968 Reenactment) § 28–33–38, since reenacted by G.L.1956 (1979 Reenactment) § 28–33–38, formerly provided:

"If any employee refuses to submit himself for any examination provided for in chapters 29 to 38, inclusive, of this title, or in any way obstructs any such examination, his rights to compensation shall be suspended and his compensation during such period of suspension may be forfeited."

fact that as long as the employer was not paying Salvas compensation, the employee was under no obligation to submit to a physical examination. The trial commissioner then proceeded to hear testimony from only Salvas and his physician concerning the allegedly disabling effects of Salvas's 1971 injury. At the conclusion of the testimony the employer renewed his earlier motion to dismiss the employee's petition.

In his decision the trial commissioner, in ruling on the employer's motion, looked to this court's ruling in *Saccoccio v. Kaiser Aluminum & Chemical Corp.*, 107 R.I. 53, 264 A.2d 905 (1970), that an employer who has disclaimed responsibility under the Worker's Compensation Act (Act) for an employee's injury cannot benefit from the sanctions set forth in § 28-33-38. He determined that the employer's denial of liability for the employee's return of incapacity constituted a disclaimer of responsibility within the meaning of *Saccoccio*. The trial commissioner stated that the employee was under no obligation to submit to a physical examination until the employer had been determined to be liable for the employee's return of incapacity and the payment of compensation benefits commenced. Accordingly he denied the employer's motion to dismiss. On the basis of the testimony, the trial commissioner found that Salvas suffered "a return of total incapacity as of July 12, 1976 flowing from and as a result of his original injury until April 11, 1977 at which time the petitioner became only partially incapacitated for work and continues to so remain   *   *   *."

The employer appealed to the full commission from the trial commissioner's denial of its motion to dismiss and from his finding that Salvas's incapacity for work had returned. It claimed that the *Saccoccio* ruling applies only to employers who deny liability under the act when an employee first sustains a work-related injury. According to the employer, its initial admission of liability combined with the 1976 decree terminating Salvas's compensation entitled it to deny liability in a proceeding to review the 1976 decree without forfeiting its rights under §§ 28-33-34 and 28-33-38. The employer maintained also that the trial commissioner's finding of incapacity was not supported in the record because Salvas had failed to sustain his burden of proving a change in his condition from the date of the 1976 decree.

The full commission determined that the *Saccoccio* case applied with equal force to employers who originally admitted liability for a particular injury but subsequently denied liability on a petition claiming a disabling return of that injury. It concluded therefore that the employer was not entitled to invoke the sanctions of § 28-33-38 so long as it denied liability for Salvas's alleged return to incapacitating disability.

In relation to the employer's second ground for appeal, the commission agreed with the employer's contention that when an employee petitions under § 28-35-45 for review of an earlier decree, he ordinarily must prove a change in his condition from the date of that decree. The commission ruled, however, that under the circumstances of this case Salvas did not have to demonstrate a change in his condition to prevail on his petition to review the 1976 decree. It reasoned that Salvas had already proved that the effects of his 1971 injury had totally disabled him in 1975. In its view, the 1976 finding that Salvas had "failed to prove he was incapacitated, in whole or in part, since October 15, 1975 due to the effects of such injury sustained on May 25, 1971" was not equivalent to a finding that Salvas had recovered from the effects of that injury. The commission concluded that, absent an affirmative finding in the 1976 decree that Salvas had recovered from the 1975 return of his 1971 injury, Salvas to prevail on his petition to review the 1976 decree, need prove only that he remained incapacitated from the 1975 return of his injury. It found that the record fully sup-

ported the trial commissioner's determination that Salvas had been totally incapacitated from July 12, 1976 to April 11, 1977, and partially incapacitated thereafter. It therefore affirmed the decree of the trial commissioner, thereby prompting the employer to appeal to this court.

The employer requests this court to reverse the commission's rulings on the two issues presented to it. We shall first consider its claim that the commission improperly relied on the *Saccoccio* ruling to deny its motion to dismiss. In *Saccoccio*, the employee suffered a totally incapacitating back injury while employed as a millwright. Unable to reach an agreement with his employer, he filed an original petition with the commission seeking an award of benefits for total disability. Prior to the hearing on his petition the employer made three separate appointments for medical examinations of the employee. The employee failed to keep any of the appointments, which failure prompted the employer to invoke the sanctions provided in § 28–33–38. The commission refused to penalize the employee, and we affirmed its refusal on appeal. We determined that it would be unjust to permit the "employer to benefit from its employee's refusal to submit to a requested medical examination, [because] both the request and the refusal occurred at times when the employer by disclaiming liability was insisting that the Act was inapplicable." *Id.* at 59, 264 A.2d at 908. We deemed the employer's disclaimer of liability a waiver of its right to invoke § 28–33–34 and § 28–33–38.

In reaching our ruling in *Saccoccio*, we drew persuasive support from earlier decisions in the area of worker's compensation, *Proulx v. The French Worsted Co.*, 98 R.I. 114, 199 A.2d 901 (1964); *Bishop v. Frank Morrow Co.*, 68 R.I. 518, 30 A.2d 110 (1943); *Hingeco Mfg. Co. v. Haglund*, 65 R.I. 218, 14 A.2d 233 (1940), which we said suggested that "the right to assert otherwise available benefits may be lost to an employer who has either defaulted in his obligation to make payments legally due under the Act or forced his employee to the burden of establishing a compensable injury by reason of his failure to enter into an agreement with regard to compensation." *Saccoccio*, 107 R.I. at 57, 264 A.2d at 907.

According to the employer, it has at all times conceded that the act governs its responsibility for Salvas's injury and purported disability. When the injury occurred, it entered into a preliminary agreement with Salvas and has since abided by decrees of the commission. It contends that the June 1976 decree terminated its obligation to pay Salvas compensation because the trial commissioner found that *Salvas* had regained his capacity to work as a janitor. The employer asserts that it should be permitted to deny liability in reliance on the June 1976 finding of regained capacity without sacrificing its rights under § 28–33–34 and § 28–33–38. We agree.

■ In our view, the circumstances of the employer's denial of liability for the employee's return of incapacity are significantly different from the circumstances that necessitated our ruling in *Saccoccio*. We do not consider the employer's disclaimer of liability under the act for the employee's return of incapacity based on its reliance on the 1976 decree to be a waiver of its rights to require Salvas to submit to a physical examination.

We noted in *Banasik v. Tupper Co.*, 109 R.I. 192, 283 A.2d 272 (1971), that at the root of *Saccoccio* "is the judgment that it would be unjust to permit an employer to benefit from some failure of the employee or neglect of his physician when at the same time that employer refuses to agree with its employee with respect to compensation benefits and forces him to suit." *Id.* at 196; 283 A.2d at 274. However, the practical result of extending our ruling in *Saccoccio* to the facts of this case, as the commission did, is that the employer was placed in the difficult and unjust position of contesting the employee's petition to review without having had the opportunity to have the employee examined by its own physician. The employer was thus unable to introduce medical testimony to meet the employee's assertion of a return of incapacity. More-

over, if one applies the rule in *Saccoccio*, then the employer cannot require the employee to submit to a physical examination until it has been determined that the employer is liable for the employee's return of incapacity and the payment of compensation benefits commenced.

We therefore decline to extend our rule in *Saccoccio* to the facts of the instant case. We conclude that the employer should have been able to rely on the 1976 decree and disclaim liability for Salvas's alleged incapacity after the date of that decree without waiving its rights under § 28–33–34 and § 28–33–38.

■ Since we hold that under the facts of this case the employer's disclaimer of liability did not constitute a waiver of its right to require Salvas to submit to a medical examination as provided in § 28–33–34, the employer could have properly invoked the sanctions contained in § 28–33–38 for Salvas's refusal to submit to such an examination. Thus, the commission erred in denying the employer's motion to dismiss based on those statutes.

Our decision today requires that this matter be remanded to the Worker's Compensation Commission where another hearing should be held before a trial commissioner on Salvas's petition to review the June 24, 1976 decree. Prior to that hearing, however, the employer should be afforded an opportunity to have Salvas examined by a physician of its choosing as provided under § 28–33–34. In view of this determination, we need not consider the employer's other contention on appeal.

The employer's appeal is sustained, the decree appealed from is reversed without prejudice, and the case is remanded to the Worker's Compensation Commission for further proceedings in accordance with this opinion.