**Wayne DeMARCO**

v.

**M.A. GAMMINO CONSTRUCTION CO.**

**No. 83–117–Appeal.**

Supreme Court of Rhode Island.

May 23, 1985.

Bernard W. Boyer, Boyer, Reynolds & DeMarco, Providence, for petitioner.

Howard Feldman, Chisholm & Feldman, Providence, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by M.A. Gammino Construction Co. (employer) from a decree of the Workers' Compensation Commission (commission) both granting the petition of Wayne DeMarco (employee) to review and award compensation to the employee for total incapacity from June 2, 1981, to November 6, 1981, and continuing partial incapacity thereafter.

A reading of the record reveals the following facts. In September 1978, employee, a truckdriver for employer, sustained an injury in the course of his employment. A decree was entered awarding compensation for total disability from September 13, 1978, to November 19, 1979, and for partial incapacity beyond that date. Subsequently, employer filed a petition to review the decree awarding compensation, claiming that employee was no longer disabled as a

result of the injury sustained in September 1978. On January 23, 1981, the trial commissioner found that employee was "no longer incapacitated in whole or in part." The employee appealed, and the commission affirmed. However, while the matter was on appeal before the commission but prior to their decision, employee filed the present petition to review, alleging that as of February 10, 1981, his incapacity had returned.[1]

At the initial hearing on employee's petition, Dr. Raymond A. Trott testified that employee was partially disabled when he examined him on February 10, 1981, and totally disabled when he examined him on May 12, June 1, and June 29, 1981. During this hearing, employer requested the appointment of an impartial medical examiner to examine employee. The trial commissioner denied the request on the basis that he did not have the authority to appoint an impartial physician unless the medical testimony was conflicting.[2]

At a subsequent hearing, employer established that employee, upon advice of counsel, failed to appear for a medical examination scheduled by employer. The employer thereupon moved to dismiss the petition on the basis that employee refused to submit to a medical examination. The trial commissioner denied the request and appointed an impartial physician to perform the examination. The impartial examiner found employee to be partially disabled when he conducted his examination on November 6, 1981. The employer again pressed a request that employee be examined by its own physician. The trial commissioner denied the request and held that sufficient medical evidence had been taken in the case. A decree was entered award-

---

1. The employee later amended his petition, alleging a return of incapacity on June 2, 1981.

2. General Laws 1956 (1979 Reenactment) § 28-35-24 provides that the Workers' Compensation Commission may require an employee to be examined by an impartial physician "[w]henever the testimony presented at any hearing indicates a dispute, or is such as to create doubt, as to the extent, nature or cause of disability * *."

However, § 28-33-35 permits any member of the commission to appoint an impartial physician to act as a medical examiner "at any time after an injury on his own motion or on the petition of the employer or employee * * *." Section 28-35-22 also grants to the commissioner the power to appoint an impartial medical examiner.

ing benefits for total incapacity from June 2, 1981, to November 6, 1981, and partial incapacity thereafter.

The employer submits the following issues to this court: (1) whether the trial commissioner should have dismissed employee's petition for failing to submit to a medical examination scheduled by employer and (2) whether the decree entered June 2, 1981 renders all that preceded it res judicata.

I

The employer contends that the statute requires an employee to submit to an examination by an employer's physician if requested to do so and failure to do so will result in a dismissal of the petition. General Laws 1956 (1979 Reenactment) § 28–33–34 provides in pertinent part that "[t]he employee shall, after an injury, at reasonable times during the continuance of his disability, if so requested by his employer, submit himself to an examination by a physician, furnished and paid for by the employer." [3]

In *Salvas v. Pawtucket School Department,* —— R.I. ——, 420 A.2d 74 (1980), we held that an employer not presently paying compensation was entitled to have its physician examine an employee who filed a petition for review alleging a return of incapacity. We said then that unless given such an opportunity:

"the employer [would be] placed in the difficult and unjust position of contesting the employee's petition to review without having had the opportunity to have the employee examined by its own physician. The employer [would thus be] unable to introduce medical testimony to meet the employee's assertion of a return of incapacity." *Id.* at ——, 420 A.2d at 77.[4]

The statute is clear in its terms that an employee must submit to an examination by an employer's physician if requested to do so. It is apparent, however, that the request for the examination must be timely made. *Zimmerman v. O'Neil Tank Co.,* 188 Kan. 306, 362 P.2d 10 (1961). The employer must seek an examination at a time when it would produce useful medical evidence in order for employer to be heard on a claim that it was prejudiced by employee's failure to submit to an examination.

In the present case, employer did not schedule an examination for employee until July 28, 1981, and did not seek dismissal or an order compelling him to submit to an examination until September 24, 1981. The medical testimony produced by employee dates from February 10, 1981, and evidence of total incapacity dates from May 12, 1981. Therefore, even if employer's request for an examination had been granted, employer would have already lost the ability to question the medical conclusions of employee's condition from February through September 1981. In early November, an impartial physician was appointed. Consequently, we are of the opinion that little, if any, useful medical information would have been produced in an examination by employer's physician of employee at the time when it was presented to the trial commissioner for determination.

Moreover, when a case is ready for hearing, the trial commissioner has a right to assume that whatever discovery rights the parties have available to them have been invoked prior to the hearing so that the case may be decided on its merits as expeditiously as reasonably possible. *See Campisani v. Sun Dial Optical Co.,* 80 R.I. 307, 311, 96 A.2d 582, 584 (1953). We are therefore of the opinion that the

---

**3.** If an employee refuses to submit to an examination provided for by the employer, "his rights to compensation shall be suspended and his compensation during such period of suspension may be forfeited." Section 28–33–38.

**4.** The employee asserts that this case is distinguishable from *Salvas v. Pawtucket School Department,* —— R.I. ——, 420 A.2d 74 (1980), however, because here employer waited four months from the time the petition was filed and until employee had rested his case before a request for an examination was made.

trial commissioner was correct in not dismissing the petition because employer's request for an examination was not timely made.

## II

In addressing the second issue, employer contends that all that preceded the June 2, 1981 decree was res judicata and that employee was required to demonstrate a reduction in his earning capacity that occurred subsequent to that decree.

We have held that the last unappealed from agreement, decree, or order renders all that preceded it res judicata. *Trudeau v. United States Rubber Co.*, 92 R.I. 328, 168 A.2d 460 (1961); *Olbrys v. Chicago Bridge & Iron Co.*, 89 R.I. 187, 151 A.2d 684 (1959); *Ottone v. Franklin Process Co.*, 76 R.I. 431, 71 A.2d 780 (1950).

In the case of *DiVona v. Haverhill Shoe Novelty Co.*, 85 R.I. 122, 127 A.2d 503 (1956), we discussed the extent to which the doctrine of res judicata is to be applied in cases arising under the Workers' Compensation Act. We held that because of the Legislature's intent to give employees and employers the opportunity to litigate from time to time on a petition to review, the doctrine "will be applied in these cases only with respect to such issues as were actually raised and decided in the prior action." *Id.* at 126, 127 A.2d at 506.

 Applying this principle in the present case, we feel it is apparent that this claim of error is without merit. The commission entered a decree on June 2, 1981. However, in reviewing a case, the commission must look to the record as it existed before the trial commissioner and is not empowered to hear new evidence up-

dating the case. *Perfetto v. Fanning & Doorley Construction Co.*, 114 R.I. 624, 629, 337 A.2d 791, 794 (1975); *Larose v. Warwick Brass Foundry, Inc.*, 97 R.I. 459, 462, 198 A.2d 668, 670 (1964). The only issue that was actually raised and decided in the prior proceeding was the nature and extent of employee's injury up to the time of the decree that was entered on January 23, 1981. Consequently, a claim of injury or recurrence which is made prior to a decree but not previously presented may be properly heard and is not barred by the doctrine of res judicata.

The court's reasoning in *DiVona* is equally applicable to this case:

"In our judgment it would do violence to the legislative intent to apply the doctrine of res adjudicta so as to preclude an employer or an employee from having an actual adjudication of the issue of alleged increased or decreased incapacity which may have inhered in the physical injury described in the agreement, although it had not become incapacitating at the time of the prior proceeding and decision." *DiVona*, 85 R.I. at 126, 127 A.2d at 505.

For the foregoing reasons the employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Worker's Compensation Commission.