224 A.2d 376.

O. AHLBORG & SONS, INC. *vs.* ANTONIO LATO.

NOVEMBER 28, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J . This is an employer's petition to review a decree of the workmen's compensation commission under which the employee was receiving compensation for partial incapacity. The case is here on the employee's appeal from a decree of the commission affirming the trial commissioner's decree suspending all payments of compensation.

The questions presented arose as follows. On May 26, 1964 the employee sustained a compensable back injury while employed by petitioner as a laborer in construction work. His average weekly wage was then $122. From May 27, 1964 to May 19, 1965 his capacity for work changed from time to time between total and partial and the compensation benefits he received varied accordingly.

On May 19, 1965, following a petition to review filed by the employer, the commission entered a decree reducing benefits to partial. Then on September 1, 1965 the employer filed the instant petition to review the decree of May 19, 1965. This petition alleges that the employer has fully complied with all outstanding agreements or orders to the date of the petition and that the employee's incapacity for work has ended.

On September 9, 1965 the employee filed a motion to

dismiss the employer's petition on the ground that the latter was in contempt of the last outstanding decree and owed compensation to the employee and a counsel fee to his attorney.

On October 20, 1965, the first day of the hearing, the employee renewed orally his motion to dismiss. The employer's counsel denied the allegations contained in the motion to dismiss but suggested that the trial commissioner proceed to hear the testimony of Dr. E. Arthur Catullo who was present and give the employee an opportunity to present evidence "to the effect payments haven't been paid as called for * * *." The commissioner accepted the employer's suggestion, without any objection by the employee, and proceeded in effect to hear the testimony of Dr. Catullo de bene with the understanding that the question of compliance was "going to be the next question to be decided because I think we are without jurisdiction if you haven't paid."

We note, however, that no other reference to this question appears in the transcript of the hearing before the trial commissioner, except a statement by employee's counsel at the hearing on October 29, 1965 indicating that he had received his counsel fee on October 27, 1965. There is nothing in the transcript indicating that the employee pressed his motion before the commissioner or that the latter ruled thereon. But the record does show that he raised this issue in his reasons of appeal to the full commission.

Doctor Catullo, an orthopedic surgeon who appeared as an expert witness for the employer, testified that he had examined the employee on three occasions, the last being on August 24, 1965, only a short time before the filing of the instant petition; that from the history he obtained from the employee he knew that at the time of his injury the employee was working as a laborer in construction; that the employee went to work as a laborer in the sanitation

department of the city of Providence about eight weeks prior to August 24, 1965; and that the employee stated that although he checked with his doctor on occasion and treated himself, if necessary, he had not received any treatment since his last visit to Dr. Catullo's office on February 8, 1965.

The doctor also testified that at the last physical examination of the employee, although the latter complained of "some pain down his legs" on damp days, there were no objective findings. He stated that as a result of his examination it was his opinion that the employee was "no longer disabled and should be able to perform regular work, perform his regular work." In cross-examination Dr. Catullo said, referring to the August 24, 1965 examination: "I found him, in other words, recovered from whatever injury he had."

The employer then presented a witness who testified that his company required a construction laborer at that time; that the job would pay $128 for a forty-hour week; and that he was willing to hire the employee that day.

The employee testified in his own behalf. He admitted that he was working for the city of Providence as a laborer, but he said that his present work was much lighter than the work he was doing when he was injured and that he was not physically able to do his former work because it required lifting and carrying. It appears from his testimony that he was working forty-eight hours a week for the city and was earning $1.84 an hour for a forty-hour week and time and a half for overtime.

The employee offered in evidence a report by his attending physician, Dr. Michael E. Scala, which states that he last examined the employee on August 16, 1965 and that he "should remain under observation for a while longer, but that he has little or no disability and might be discharged in the near future."

After reviewing the evidence the trial commissioner found

that the employer had proved by a preponderance of the evidence that respondent was no longer incapacitated for work by reason of the injuries sustained on May 26, 1964 and he ordered the suspension of all payments of compensation. He entered a decree in accordance with such findings.

The employee's reasons of appeal to the full commission challenge the legality of the decree entered by the trial commissioner including, as we have previously indicated, the question raised by the employee's motion to dismiss. He has briefed and argued his reasons of appeal under two main points and we shall consider them in like manner.

We first consider employee's contention that the trial commissioner should have ruled on and granted his motion to dismiss before allowing the employer to proceed with the petition to review. It appears that on May 7, 1965 the parties signed a stipulation in a prior proceeding, W.C.C. No. 65-0524, which provided for the discontinuance of that petition on condition that the employer pay to employee's counsel a $50 fee. As previously stated the employer paid this fee on October 27, 1965. The full commission ruled against the employee on this issue and, we believe, correctly.

The controlling statute, G. L. 1956, §28-35-53, reads as follows:

> "Payment when due as condition to relief to employer.—The employer shall not be entitled to any relief granted by §§28-35-39 to 28-35-52, inclusive, if payments in accordance with the existing agreement or decree are not paid in full to the date of the filing of the petition or notice or the date of the hearing before the commission or if payments are not made in accordance with the terms of chapters 29 to 38, inclusive, of this title."

A stipulation signed by the parties without the written approval of the commission does not have the force and effect of an "existing agreement or decree" within the con-

templation of §28-35-53. See *Darman* v. *Zilch*, 63 R. I. 127; compare *Brown & Sharpe Mfg. Co.* v. *Giacoppa*, 69 R. I. 378, 382. This contention is without merit and requires no further discussion.

We consider next the employee's allegation in his motion to dismiss that the employer owed compensation to him under the last outstanding decree. There is no evidence in the instant transcript showing that any payments of compensation were due the employee. In its decision the full commission stated that "before the case proceeded to hearing the petitioner did comply with the compensation act by paying the compensation due and continuing weekly payments thereafter. * * * When the case was actually heard, the petitioner had complied with the compensation act and has continued to so comply. We feel that the provisions with reference to compliance has [sic] been substantially complied to [sic] by the petitioner."

It must be assumed by the language of the full commission that any compensation payments due the employee were made "before the case proceeded to hearing * * *." There is nothing in the record contradicting or challenging the commission's statement. The statute provides that "The employer shall not be entitled to any relief * * * if payments in accordance with the existing agreement or decree are not paid in full to the date of the filing of the petition or notice or the date of the hearing before the commission * * *." On this record all payments of compensation were made in full "to * * * the date of the hearing before the commission * * *." This constitutes compliance with the plain language of the statute.

There is competent medical evidence in the record to support the commission's finding that the employee was no longer incapacitated for work by reason of the injuries sustained on May 26, 1965. Such findings are, in the ab-

sence of fraud, binding and conclusive upon this court. *Costa* v. *Cars, Inc.* 100 R. I. 682, 687, 219 A.2d 122, 125.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Gunning & LaFazia, Bruce M. Selya, Raymond A. LaFazia,* for petitioner.

*Raul L. Lovett,* for respondent.