**HASBRO, INC.**

v.

**Eloisa PEREZ.**

**No. 90–395–M.P.**

Supreme Court of Rhode Island.

Jan. 9, 1992.

Earl Metcalf, Gallagher & Gallagher, Providence, for plaintiff.

Frederic Marzilli, Marzilli & Lanni, Providence, for defendant.

OPINION

KELLEHER, Justice.

This is a workers' compensation proceeding in which we have, at the insistence of the employer, Hasbro, Inc. (Hasbro), issued a writ of certiorari to review a decision of the Appellate Division of the Workers' Compensation Court[1] (appellate division). It is Hasbro's contention that the appellate division erred in its determination that Hasbro had no standing to proceed before the Workers' Compensation Court (court) to terminate benefits of an employee, Eloisa Perez (Perez).

The employee, Perez, was injured in May 1986. She subsequently incurred medical expenses and received workers' compensation benefits. In compliance with G.L.1956 (1984 Reenactment) § 42–94–2, as amended

---

**1.** Pursuant to P.L.1990, ch. 332, the Workers' Compensation Commission was formally changed to the Workers' Compensation Court, and the commissioners were designated judges.

by P.L.1986, ch. 1, § 1, Hasbro sought to suspend Perez's benefits by going before the Department of Workers' Compensation in August 1987. At the time of this hearing Hasbro had received notice of but had not paid three medical bills incurred by Perez for the treatment of her work-related injuries. Based upon evidence introduced at this hearing, Perez's benefits were suspended.

In November 1987 Perez sought a de novo hearing before a single trial judge. At this hearing Perez argued that Hasbro was ineligible to receive affirmative relief because Hasbro had failed to comply with an order requiring it to pay Perez's outstanding medical bills. It was Perez's assertion that Hasbro's failure to pay these bills was in violation of G.L.1956 (1986 Reenactment) § 28–35–53, which precludes an employer from receiving any relief "if payments in accordance with the existing agreement or decree are not paid in full." There was a stipulation on the record by both counsel that at the time of this hearing there were three unpaid medical bills[2] related to Perez's injury. Hasbro's counsel also stipulated that the bills would be paid. This matter was further discussed by both counsel and the trial judge, but no resolution was reached and the case was continued to a later date.

The de novo hearing reconvened in mid-February 1988. At that time Perez's counsel represented that the medical bills had been paid. Again some discussion was held between the trial judge, Perez's counsel, and Hasbro's counsel, but no further evidence was presented and no determination was made.

This controversy was again considered on April 25, 1988. At a hearing held on that date Perez testified that she was injured in May 1986 while working for Hasbro as a packer/assembler of toys. Perez also testified that on the date of the hearing, she was then experiencing pain in her right shoulder, right arm, and upper back.

Hasbro then presented the testimony of Dr. Louis Fuchs, who offered the opinion that based upon his examination, his determination was that Perez was capable of engaging in all work-related activities. He also indicated that his examination showed a pain-free range of motion in Perez's back and a normal condition of her upper extremities. Hasbro also entered into evidence a medical report by Dr. Henry S. Urbaniak, Jr., which revealed that all the X rays taken of Perez were within normal limits. Perez introduced the deposition and medical reports of Dr. Richard A. Robin, whose conclusions appeared to be based solely on the subjective complaints of his patient, Perez.

At the conclusion of testimony, counsel for Perez stipulated that the medical bills that had been outstanding at the initiation of the action had been paid on January 10, 1988. At this point the hearing was concluded, and the trial judge rendered a decision that affirmed the termination of benefits.

Perez then pursued her appeal to the appellate division. On review the appellate division determined that Hasbro was not in compliance with § 28–35–53 and therefore had no standing to proceed with its termination action and receive affirmative relief.

■ Hasbro, through its counsel, argues that it was in compliance with § 28–35–53, which provides, "The employer shall not be entitled to any relief * * * if payments in accordance with the existing agreement or decree are not paid in full to the date of the filing of the petition or notice or the date of the hearing before the commission or if payments are not made in accordance with the terms of chapters 29—38, inclusive, of this title."

It is obvious from the terms of § 28–35–53 that an employer who is in default is not entitled to affirmative relief. However, when considering that in the present dispute the de novo hearing was continued until the bills in controversy were paid, we

2. One bill due the Rhode Island Hospital was for $204.73; a second bill had been issued by Cranston General Hospital in the amount of $1,244.42; and the third bill was presented by

Dr. Charles S. Faber for $1,425. All the bills were paid prior to the court's decision of April 25, 1987.

find that any default on Hasbro's behalf was cured and the dictates of § 28–35–53 were satisfied.

 On other occasions we have considered the issue of what constitutes compliance with the dictates of § 28–35–53. *See Kaiser Aluminum & Chemical Corp. v. Bottiglieri,* 101 R.I. 501, 225 A.2d 218 (1966); *O. Ahlborg & Sons, Inc. v. Lato,* 101 R.I. 411, 224 A.2d 376 (1966). Here Perez's counsel raised an objection at the de novo hearing that Hasbro had not fully complied with the existing decree to pay compensation. Hasbro's counsel, upon hearing this objection, stipulated that any overdue medical expenses would be paid, whereupon the trial judge allowed Hasbro to proceed with the hearing. We are of the belief that the trial judge did not err in allowing Hasbro to continue with the hearing, relying upon counsel's stipulation that the bills would be paid.

In arriving at this conclusion, we would also emphasize that the principle, as expressed in *Hingeco Manufacturing Co. v. Haglund,* 65 R.I. 218, 14 A.2d 233 (1940), that an employer who is in default in the payment of compensation legally due an employee is not entitled to invoke and re-ceive affirmative relief, must be applied in a reasonable and realistic manner. *Kaiser,* 101 R.I. at 506, 225 A.2d at 220. It is reasonable to assume that implicit in the trial judge's acquiescence in allowing Hasbro to proceed with the hearing was a direction to pay any unpaid compensation that might actually have been due to Perez or else be denied any affirmative relief. *See id.* at 507, 225 A.2d at 221.

Accordingly Hasbro's petition for certiorari is granted, the judgment of the Appellate Division of the Workers' Compensation Court is quashed, and the controversy is remanded to the Workers' Compensation Court for further proceedings in accordance with this opinion. In addition we order and direct that compensation benefits be paid to Perez until and including January 10, 1988, which is the date that Hasbro brought itself into compliance with § 28–35–53 by paying Perez's medical bills.